JOHN C. HOADLEY *vs.* NORTHERN TRANSPORTATION COMPANY.

Suffolk. March 3. — June 22, 1874. WELLS & ENDICOTT, JJ., absent.

A common carrier may by an express contract exempt himself from liability for loss happening without his fault.

If the law of the place where a contract signed only by the carrier, is made for the carriage of goods, requires evidence other than the mere receipt by the shipper to show his assent to its terms, and the law of the place where the suit is brought presumes conclusively such assent from acceptance without dissent, the question of assent is a question of evidence, and is to be determined by the law of the place where the suit is brought.

A common carrier who negligently delays to send forward goods delivered to him for transportation is not liable for an injury to the goods by a peril excepted in the contract of carriage, happening without his fault, while the goods are in his custody at the place where they were delivered to him, although the goods would not have been exposed to the peril but for such delay.

TORT for the conversion of a steam-engine delivered to the defendant for carriage under a bill of lading, containing an exception of losses by fire, and destroyed by fire at the place of the delivery to the carrier, while in his custody. ·

At the trial before *Devens*, J., the jury found for the plaintiff, and in answer to questions put to them by the presiding judge stated that they found for the plaintiff upon the ground that he did not assent to the exception against losses by fire in the bill of lading, and also upon the ground that the defendant negligently omitted to forward the engine. The defendant alleged exceptions to certain rulings of the presiding judge, which with the facts of the case appear in the opinion of the court.

*D. S. Richardson*, for the defendant.

*E. Merwin*, for the plaintiff.

COLT, J. The plaintiff seeks to recover in tort against the defendant as a common carrier for the loss of a steam-engine which it had undertaken to transport from Chicago, Illinois, and deliver to him at Lawrence in this state. The engine was destroyed at Chicago in the great fire of 1871, and one question at the trial was, whether by the terms of the contract of transportation the defendant was liable for this loss.

The plaintiff put in the bill of lading received by his agent at Chicago of the defendant at the time the property was delivered for transportation. It is in the usual form, and the terms and conditions are expressed in the body of the paper in a way not calculated to escape attention. In one clause it exempts the defendant from all liability for loss or damage by fire ; in another from all liability " for loss or damage on any article or property whatever by fire while in transit or while in depots or warehouses or places of transshipment," and further provides that the delivery of the bill of lading shall be conclusive evidence of assent to its terms.

It was assumed by both parties as now settled that a common carrier may by special contract avoid or limit his liability at common law as an insurer of property intrusted to him against loss or damage by fire occurring without his own fault. Such is the declared law of this Commonwealth, and the Illinois cases produced at the trial assume that the same rule prevails there. An express contract, once established, is in both states effectual

to limit the carrier's liability. But the plaintiff contended that by the law of Illinois, as declared in the courts of that state, the mere receipt, without objection, of a bill of lading which limits the carrier's common law liability for loss by fire, would not raise a presumption that its terms were assented to, but such assent, if relied on, must be shown by other and additional evidence. The jury have found this to be the law of that state, under instructions not objected to, and we are not required to say whether there was sufficient evidence to warrant the finding. *Adams Express Company* v. *Haynes*, 42 Ill. 89. *American Express Company* v. *Schier*, 55 Ill. 140, 150. *Illinois Central Railroad* v. *Frankenberg*, 54 Ill. 88, 98. The court ruled that this law of Illinois must govern the case, and that under it the jury could not find that the mere receipt of the bill of lading would be evidence of assent to its terms.

The law of this Commonwealth differs from the law of Illinois as thus found. In *Grace* v. *Adams*, 100 Mass. 505, decided by this court on an agreed statement of facts, it was held that a bill of lading or shipping receipt, taken by a consignor without dissent at the time of the delivery of the property for transportation, by the terms of which the carrier stipulates against such liability, would exempt the carrier when the loss was not caused by his own negligence, on the ground that such acceptance would authorize him to infer assent, and amount to evidence of the contract between the parties. The defendant contends that the case is to be tried by the law of this Commonwealth.

It is a general rule that personal contracts must have the same interpretation and binding force in all countries which they have in the place where made. The contract is presumed to have been entered into with reference to the law of that place. If formalities and solemnities are there required to give validity to it, the requirement must be shown to have been observed. But the law of the place where the action is brought, by the same general rule, regulates the remedy and all the incidents of the remedy upon it. The law of the former place determines the right; the law of the latter controls the admission of evidence and prescribes the modes of proof by which the terms of the contract are made known to the court, as well as the form of the action by which it is enforced. Thus in a suit in Connecticut against the indorser on a note

made and indorsed in New York, it was held that parol evidence of a special agreement different from that implied by law would be received in defence, although by the law of the latter state no agreement different from that which the law implies from a blank indorsement could be proved by parol. *Downer* v. *Chesebrough*, 36 Conn. 39. And upon the same principle it has been held that a contract valid by the laws of the place where it is made, although not in writing, will not be enforced in the courts of a country where the statute of frauds prevails unless it is put in writing as required. *Leroux* v. *Brown*, 12 C. B. 801. So assumpsit was held to lie in New York on an undertaking in Wisconsin contained in a writing having a scrawl and no seal affixed to the defendant's name, although in the latter state it had in pleadings and in evidence the effect of a seal. *Le Roy* v. *Beard*, 8 How. 451. The statute of limitations for the same reasons affects only the remedy, and has no extra-territorial force.

It is not always indeed easy to determine whether the rule of law sought to be applied touches the validity of the contract or only the remedy upon it. In the opinion of the court, the rule of law laid down in Illinois and here relied on by the plaintiff affects the remedy only, and ought not to control the courts of this Commonwealth. The nature and validity of the special contract set up is the same in both states. It is only a difference in the mode of proof. A presumption of fact in one state is held legally sufficient to prove assent to the special contract relied on to support the defence. In the other state it is held not to be sufficient. It is as if proof of the contract depended upon the testimony of a witness competent in one place and incompetent in the other. The instructions given at the trial upon this point did not conform to the view of the law above stated, in which, upon more full consideration, we all concur.

The court further instructed the jury against objection that the defendant would be liable notwithstanding the exemption in the receipt, if it negligently detained the engine on the wharf after it ought to have been sent on, so that it was exposed to the fire and destroyed. The verdict was for the plaintiff on both grounds, and the correctness of this ruling is also called in question. The defendant insists that the negligence alleged cannot be treated in law as the proximate cause of the loss. In actions

of this description the injury complained of must be shown to be the direct consequence of the defendant's negligence. This is the only practical rule which can be adopted by courts in the administration of justice. It is not enough that the act charged may constitute one of a series of antecedent events without which, as the result proves, the damage would not have happened. The legal damages which follow any wrong are only such as, according to common experience and the usual course of events, might reasonably be anticipated. The defendant's liability extends only to natural and probable consequences.

Applying these rules to the case at bar, it is plain that the destruction of the goods by fire in the calamity which happened could not reasonably be anticipated as a consequence of the wrongful detention of them on the wharf. The delay did not destroy the property, and there was no connection between the fire and the detention.

In several cases against carriers very like the one at bar, where the question was whether the loss was chargeable to the defendant's negligence or was due to a peril from which he was by law exempt, the law as thus stated has been applied. *Denny* v. *New York Central Railroad*, 13 Gray, 481. *Morrison* v. *Davis*, 20 Penn. St. 171. *Railroad Co.* v. *Reeves*, 10 Wallace, 176. The authority of these cases is not affected by the ground upon which the exemption was claimed. It is the same whether it arises from the common law, is secured by special contract, or results from the changed responsibility which takes place when the carrier becomes a warehouseman. *McDonald* v. *Snelling*, 14 Allen, 290. *Lane* v. *Atlantic Works*, 111 Mass. 136.

*Exceptions sustained.*