### JOSEPH R. DRAKE *vs.* WILLIAM RICE & trustee.

Suffolk.   Nov. 11, 12, 1879. — Feb. 23, 1881.   MORTON, SOULE & FIELD, JJ., absent.

An assignment of a chose in action, made in fraud of creditors, is void as against them.

If an assignment of a chose in action made in fraud of creditors is voidable in some form of judicial process by the law of the State where the assignment is made and by the law of the State where the remedy is sought, the question as to the form of the remedy is to be determined by the *lex fori*.

TRUSTEE PROCESS.   The writ, dated September 13, 1876, described the plaintiff and defendant as of the State of New York.   William B. Craft, of Boston, summoned as trustee of the defendant, admitted funds in his hands in the form of a balance of account due the defendant.   Percy E. Young, of the State of New York, appeared as claimant of this fund.   The defendant was defaulted.

At the trial between the plaintiff and the claimant in the Superior Court, before *Pitman*, J., without a jury, the claimant

introduced evidence tending to show that, during the transactions out of which the claim of the defendant against the trustee resulted, the claimant was a copartner of the defendant, and as such was entitled to a share of the fund in the hands of the trustee; and that he was entitled to the fund by reason of the following assignment, executed by Rice, and dated April 15, 1876. "For a valuable consideration to me in hand paid by Percy E. Young of the city and county of Oswego and State of New York, I do hereby sell, assign, transfer and convey all my right, title, interest and claim to the account which I hold against Wm. B. Craft, of Boston, Mass." There was evidence tending to show that the claimant gave a valuable consideration for this assignment. The plaintiff contended, and offered evidence tending to show, that no partnership existed between the claimant and the defendant; and that the above assignment was in fraud of creditors, and void.

It appeared that, under the law of New York, choses in action cannot be attached or levied upon, but, after issue of execution on a judgment at common law, can be reached by proceedings before a magistrate in the nature of proceedings under the poor debtor law of Massachusetts, and the appointment of a receiver to take and dispose of the debtor's property. It was agreed that the law of New York respecting fraudulent conveyances was the same as the common law and the law of Massachusetts.

The claimant asked the judge to rule "that, as a matter of law, a verdict could not be rendered for the plaintiff, because, 1st, the interest of the claimant was such that he was entitled as a partner, or as joint owner of this claim, to the whole fund to the extent of his interest in the same, even if the assignment was fraudulent; 2d, this court could not sit for the purpose of distributing that fund to the several parties; 3d, as a matter of law, upon the whole evidence, a verdict should be given for the claimant."

The court refused so to rule; found as matters of fact that the claimant had not sustained the burden of proof as to the alleged partnership, and that the plaintiff had sustained the burden of proving the assignment to be fraudulent against him as a creditor; and ordered judgment for the plaintiff. The claimant alleged exceptions.

*E. P. Brown*, for the claimant. 1. Under the St. of 13 Eliz. c. 5, (which is declaratory of the common law, and is the law of this Commonwealth,) the courts in England, down to the time of the St. of 1 & 2 Vic. c. 110, have declared that property, such as choses in action, stocks, bonds, &c., which cannot be taken upon execution, cannot be the subject of fraudulent conveyance. *Duffin* v. *Furness*, Sel. Cas. Ch. 77. *Mathews* v. *Feaver*, 1 Cox Ch. 278. *Dundas* v. *Dutens*, 1 Ves. Jr. 196. *Caillaud* v. *Estwick*, 2 Anst. 381. *Rider* v. *Kidder*, 10 Ves. 360. *M'Carthy* v. *Goold*, 1 Ball & Beatty, 387. *Grogan* v. *Cooke*, 2 Ball & Beatty, 230. *Cockrane* v. *Chambers*, 1 Ambl. 79, note. *Sims* v. *Thomas*, 12 A. & E. 536. *Norcutt* v. *Dodd*, Craig & Phil. 100. *Barrack* v. *M'Culloch*, 3 K. & J. 110. *Warden* v. *Jones*, 2 DeG. & J. 76, 86. *Green* v. *Tantum*, 4 C. E. Green, 105. *Winchester* v. *Gaddy*, 72 No. Car. 115.

2. Although choses in action can be attached by mesne process and taken on execution in this Commonwealth, yet in New York, where this assignment was made, and where the plaintiff, the defendant and the claimant resided, the law is otherwise; and the fact that there are statutory provisions in that State similar to the poor debtor laws of this Commonwealth is not equivalent to a provision making choses in action liable to attachment and levy on execution, for in England, during the time of the decisions above cited, poor debtor laws were in force. Sts. 22 & 23 Car. II. c. 20; 30 Car. II. c. 4; 32 Geo. II. c. 28.

*H. W. Muzzey & W. Emery*, for the plaintiff.

GRAY, C. J. The St. of 13 Eliz. c. 5, declared all gifts or conveyances of goods and chattels, as well as of lands and tenements, made in fraud of creditors, to be void as against them. By the law of England before the American Revolution, as established by decisions of Fortescue, M. R., Lord Hardwicke and Lord Northington, fraudulent conveyances of choses in action, though not specified in the statute, were equally void, but from the nature of the subject the remedy of the creditor must be sought in equity. *Taylor* v. *Jones*, (1743) 2 Atk. 600. *King* v. *Dupine*, (1744) 2 Atk. 603, note. *Horn* v. *Horn*, (1749) Ambl. 79. *Ryall* v. *Rolle*, (1749) 1 Atk. 165; *S. C.* 1 Ves. Sen. 348. *Partridge* v. *Gopp*, (1758) 1 Eden, 163; *S. C.* Ambl. 596. *Bayard* v. *Hoffman*, 4 Johns. Ch. 450. *Hadden* v. *Spader*, 20

Johns. 554. *Abbott* v. *Tenney*, 18 N. H. 109. *Sargent* v. *Salmond*, 27 Maine, 539. In *Cadogan* v. *Kennett*, Cowper, 432, decided within two months before the Declaration of Independence, Lord Mansfield said that the statute was but declaratory of the law as it was before, and could not receive too liberal a construction, or be too much extended in suppression of fraud. Like views were expressed by Chief Justice Marshall. *Hamilton* v. *Russel*, 1 Cranch, 309, 316. *Hopkirk* v. *Randolph*, 2 Brock. 132, 137, 139.

Of the only case before our Revolution cited in the learned argument for the claimant, we have but this brief note: "A man, being much in debt, six hours before his decease gives £600 for the benefit of his younger children; this is not fraudulent as against creditors; though it would have been so of a real estate, or chattel real." *Duffin* v. *Furness*, Sel. Cas. Ch. 77. The report, having been published in 1740, cannot have been unknown to the eminent English judges who made the decisions already cited; and, as observed by Lord Redesdale, the book is anonymous and of not much authority. *Barstow* v. *Kilvington*, 5 Ves. 593, 598. *Hovenden* v. *Annesley*, 2 Sch. & Lef. 607, 634. The opinions of the English and Irish courts of chancery since our Revolution, cited for the claimant, cannot outweigh the cases above referred to, as evidence of the law of England at the time of the separation of the colonies from the mother country.

In the case at bar, it is agreed that the law of New York respecting fraudulent conveyances is the same as the common law and the law of Massachusetts; and that by the law of New York choses in action, although they cannot be attached or levied upon, yet may, after execution issued on a judgment at law, be reached by proceedings before a magistrate in the nature of proceedings under the poor debtor acts of this Commonwealth, and by the appointment of a receiver to take and dispose of the debtor's property. And it is not doubted that, if the assignment in question had been made in this Commonwealth between persons residing here, it could have been avoided by trustee process.

The assignment having been found by the judge, before whom the case was tried without a jury, to have been made in fraud of the plaintiff as a creditor of the assignor, and being,

under the law of either State, voidable by creditors in some form of judicial process, the question whether it should be relieved against on the common law, or on the equity side of the court, is a question of remedy only, and governed by the *lex fori.*

*Exceptions overruled.*