BAXTER NATIONAL BANK *vs.* PETER S. J. TALBOT.

Middlesex.   March 24, 1891. — June 27, 1891.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Conflict of Laws — Promissory Note — Indorsement — Lex Loci Contractus.*

If a promissory note is indorsed in another State, according to the laws of which the contract of indorsement is not an absolute one, but the liability of the indorser, as between himself and any party taking the note with notice, is dependent upon the understanding or agreement of the parties, the *lex loci contractus* will govern in an action brought here against the indorser, and evidence is admissible to prove an oral agreement between the parties to which such indorsement was made subject.

BILL IN EQUITY, filed in the Superior Court, brought by the holder of certain promissory notes to recover against the indorser.

The case was tried in the Superior Court upon issues for a jury, before *Dunbar*, J., who excluded certain evidence, and ordered the jury to return a verdict for the plaintiff; and the defendant alleged exceptions. The facts and the nature of the evidence appear in the opinion.

*F. E. Snow*, (*W. A. Gaston* with him,) for the defendant.

*M. O. Adams*, for the plaintiff.

MORTON, J. The plaintiff seeks to recover in this suit from the defendant as indorser on five promissory notes, and to reach and apply in payment of them the interest of the defendant in a partnership of which he is a member. The notes were made by the Esperanza Marble Company, to its own order, were indorsed in blank by it and the defendant, and by two other parties, and were all made payable at the " Baxter National Bank, Rutland, Vt.," which we assume to be the plaintiff bank. This suit is against the defendant alone. The defendant in his answer alleged that his indorsement was made and took effect as a contract in the State of Vermont, and that by the law of that State his obligation depended, as between the plaintiff and himself, or any other party taking the notes with notice, upon the understanding or agreement between the bank and himself at the time when each indorsement was made in regard to said indorsement. The defendant further alleged that his indorsement was in fact made subject to an oral agreement with the plaintiff, which the defendant has fully performed, that " he was not to be liable thereon except to the amount of any moneys which he might receive upon a certain mortgage upon property in the State of New York." At the trial, the defendant offered testimony tending to prove these allegations. The court received it *de bene*, and at the conclusion of all the testimony ruled that the *lex fori*, and not the *lex loci contractus*, must govern the case; that the oral agreement and the evidence tending to prove it were inadmissible and immaterial, and could not be considered by the jury. The defendant excepted to this ruling, and the question before us is as to its correctness.

The testimony introduced by the defendant tended to show the following, among other facts, in regard to his indorsement of the notes in suit. In January, 1887, the plaintiff bank held overdue notes which it had discounted for the Esperanza Marble Company

of New York, but which had its usual place of business in Rutland. Part of these notes were indorsed by the defendant. The plaintiff also held a mortgage on certain property in New York as collateral to these notes, but found it inconvenient to attend to its collection, and requested the defendant to attend to it in its behalf; and it was orally agreed between the defendant and the plaintiff that the mortgage should be assigned to the defendant, and that he should collect the same and pay over the proceeds to the bank. It was also orally agreed that the notes held by the bank against the Marble Company should be surrendered to it and new notes given by it therefor, which should be indorsed by the defendant and the other two parties whose names are on the notes in suit, and that the notes should be renewed from time to time as they fell due, the renewals being indorsed by the same parties, until the total amount collectible on the mortgage had been received and paid over by the defendant to the plaintiff bank. It was further orally agreed that the defendant should not be liable on his indorsements beyond the amount which he might receive on account of the mortgage and fail to pay over to the plaintiff, and that he should be held liable on his indorsements only to secure the performance of his agreement to collect and pay over on account of the mortgage. The agreement thus made was carried out. The overdue notes of the Marble Company were surrendered to it, and new notes, indorsed by the defendant and the other parties, were taken in their stead. These have been renewed from time to time, the renewals being indorsed by the same parties, and the notes in suit are renewals of said original notes. The notes have all been made payable at the plaintiff bank in Rutland, and the defendant's indorsement upon all of them was made and took effect as a contract made in Vermont. The mortgage was assigned to the defendant, and he has paid over to the plaintiff bank all the money which he has collected under it.

The jury found by direction of the court that the notes in suit were made payable in the State of Vermont, and that the defendant's indorsement was made and took effect as a contract in that State.

It is apparent that, if the *lex fori* is to govern, the defendant cannot avail himself of the oral agreement entered into

between the plaintiff and himself. *Adams* v. *Wilson*, 12 Met. 138. *Wright* v. *Morse*, 9 Gray, 337. We do not think, however, that it should govern. It is clear that in all that relates to a contract, to its nature and validity and interpretation, the law of the place where it is made governs. *Carnegie* v. *Morrison*, 2 Met. 381. *Milliken* v. *Pratt*, 125 Mass. 374. *Shoe & Leather National Bank* v. *Wood*, 142 Mass. 563. *Fonseca* v. *Cunard Steamship Co.* 153 Mass. 553. *Nichols* v. *Mase*, 94 N. Y. 160. *Buzzell* v. *Cummings*, 61 Vt. 213. *Forepaugh* v. *Delaware, Lackawanna, & Western Railroad*, 128 Penn. St. 217. *Liverpool & Great Western Steam Co.* v. *Phenix Ins. Co.* 129 U. S. 397, 453. The law of the place where the contract is made is, without any express assent or agreement of the parties, incorporated into and forms a part of the contract. Contracts are presumed to be made with reference to the law of the place where they are entered into, unless it appears that they were entered into with reference to the law of some other State or country. *Central Bank of Washington* v. *Hume*, 128 U. S. 195, 207. *Chapin* v. *Dobson*, 78 N. Y. 74.

A contract valid in the State or country where it is made will be enforced even in a State or country where it would be invalid, provided it be not there contrary to public policy or morals. *Parsons* v. *Trask*, 7 Gray, 473. *Milliken* v. *Pratt*, 125 Mass. 374. *Fonseca* v. *Cunard Steamship Co.* 153 Mass. 553. *Forepaugh* v. *Delaware, Lackawanna, & Western Railroad*, 128 Penn. St. 217.

On the other hand, it is equally clear that, in all that relates to the procedure for enforcing a contract, the law of the forum controls. *Carnegie* v. *Morrison*, 2 Met. 381. *Hoadley* v. *Northern Transportation Co.* 115 Mass. 304. *Shoe & Leather National Bank* v. *Wood*, 142 Mass. 563. Thus the form in which and the parties by or against whom the action shall be brought, the competency of the evidence offered to establish the alleged cause of action, whether the cause or action is barred by the statutes of limitation, whether a party can maintain an action in his own name or is obliged to use that of another, whether a contract is negotiable, and whether it is to be sued on as a specialty or as a simple contract, with many other similar things, have been held to be matters affecting the remedy, and therefore to be governed by the law of the forum. *Pearsall* v. *Dwight*, 2 Mass. 84. *Orr* v. *Amory*, 11 Mass. 25. *McClees* v. *Burt*, 5 Met. 198.

*Foss* v. *Nutting*, 14 Gray, 484.   *Richardson* v. *New York Central Railroad*, 98 Mass. 85.   *Hoadley* v. *Northern Transportation Co.* 115 Mass. 304.   *Leach* v. *Greene*, 116 Mass. 534.   *Drake* v. *Rice*, 130 Mass. 410.   *Downer* v. *Chesebrough*, 36 Conn. 39. *Leroux* v. *Brown*, 12 C. B. 801.   *Stoneman* v. *Erie Railway*, 52 N. Y. 429.

It is sometimes difficult to decide whether the question raised in a given case relates to the nature and validity of the contract, or to the remedy upon it.   We think in the present instance it relates to the former, and not to the latter.   The defendant contended that under the laws of Vermont his obligation growing out of his indorsements was not an absolute one, but depended, as between the parties, upon the oral agreement or understanding between them, if any, at the time when he placed his name upon the notes.   The defendant further contended that, when he placed his name upon the notes, he did so under an oral agreement with the plaintiff bank, by the terms of which his indorsement was only to be regarded as security for the payment by him to the bank of the money that he might collect on the mortgage which was assigned to him.

Assuming, as we must for the purposes of this case, that the law of Vermont was as stated by the defendant, the testimony offered by him bore clearly upon the nature and validity of the contract between himself and the bank.   The defendant could not show what the agreement was in any other way than that in which he offered to show it.   It was not an attempt on his part to vary a written contract, because, under the law of Vermont, the indorsement did not of itself constitute an absolute contract; but, in order to determine what the contract was, it was necessary to ascertain what agreements or undertakings were entered into at the time, and in connection with and as part of the indorsement.   If there were none, then the contract between the plaintiff and the defendant was the usual contract growing out of a blank indorsement.   If there were such undertakings or agreements, then they entered into and formed a part of the contract of indorsement.   The evidence was rejected, not because it would have been incompetent to prove the facts which it was offered to establish, had the contract been valid in this State, but on the ground that it related to a matter affecting the remedy.

Back of the question of remedy, however, lies the question of the contract itself, and we think the evidence should have been allowed as bearing upon that. See *Powers* v. *Lynch,* 3 Mass. 77; *Williams* v. *Wade,* 1 Met. 82; *Shoe & Leather National Bank* v. *Wood,* 142 Mass. 563; *Trimbey* v. *Vignier,* 1 Bing. N. C. 151; *Burrows* v. *Jemino,* 2 Strange, 733; *Wattson* v. *Campbell,* 38 N. Y. 153; *Dunn* v. *Welsh,* 62 Ga. 241; *Forepaugh* v. *Delaware, Lackawanna, & Western Railroad,* 128 Penn. St. 217.

The plaintiff objects that there was no issue framed upon the laws of Vermont. But the ruling of the court rendered such an issue immaterial; besides, an issue could at any time have been framed, in the discretion of the court, if satisfied that justice required that it should be done, or the court could hear and pass upon the question itself. *Atlanta Mills* v. *Mason,* 120 Mass. 244.

*Exceptions sustained.*