Merrimack, }
Feb. 4, 1903. }

### SEELY v. MANHATTAN LIFE INSURANCE CO.

When an action of assumpsit is seasonably brought to recover the amount
due on an insurance policy, but the declaration contains only the common
counts, the allowance of amendments setting forth the specific demand
sued upon, after the expiration of six years from the time the action ac-
crued, does not change the cause of action, nor render the statute of limita-
tions an available defence.

An insurer's denial of liability and refusal to pay constitute a waiver of a
condition of the policy requiring satisfactory proof of death to be fur-
nished.

A life insurance policy issued in the state of New York is governed by the
laws of that jurisdiction so far as they relate to the nature, validity, and
interpretation of the contract.

Under the law of New York, a life insurance policy will not be forfeited for
non-payment of premium, without proof that the notice required by the
statute of that state has been duly mailed to the insured ; and to establish
a forfeiture for non-payment of premium in an action on such policy in the
court of this state, like proof is required.

In an action upon a contract of life insurance entered into in the state of
New York, the affidavit of a representative of the company is not admissible
in evidence to prove the due mailing of the statutory notice, if it fails to
show that such notice stated the amount due, the place of payment, the per-
son to whom payment should be made, and that non-payment would work
a forfeiture of the policy.

ASSUMPSIT, to recover the amount due on a life insurance
policy issued by the defendants on the life of John S. Seely, pay-
able at his death to the plaintiff, his wife. Plea, the general issue.

with a brief statement setting out cancellation for non-payment of premium, failure to furnish proofs of death, and the statute of limitations.  Trial by jury, resulting in a disagreement.  Transferred from the October term, 1900, of the supreme court by *Blodgett*, C. J.

The assured died March 18, 1894.  The writ was dated March 14, 1900, and contained the common counts, from which was omitted the specific sum sought to be recovered.  By leave of court and without objection, two amendments were filed, one April 25, and another June 14, 1900, each setting out an action on a life insurance policy.  The contract of insurance required satisfactory proof, at the company's office, of the death of the assured during the continuance of the policy.  To prove the notice to the assured required by the New York statute of the time when the premium here in question would become due, a register book kept by the defendants, and containing an affidavit of the mailing of a notice to the assured, was admitted in evidence, subject to the plaintiff's exception.  The other facts sufficiently appear in the opinion.

At the close of the evidence, the defendants' motion that a verdict be directed in their favor was denied, subject to exception.

*Napoleon B. Hale* and *Martin & Howe*, for the plaintiff.

*Streeter & Hollis*, for the defendants, on motion for rehearing. It is undoubtedly an old maxim that statutes in derogation of the common law are to be construed strictly.  *Wendell* v. *Abbott*, 43 N. H. 68, 73.  That maxim does not apply, however, to statutes of a remedial character.  No rule of statutory interpretation is more firmly settled than that remedial statutes—statutes which, while they change the common law, change it for the purpose of correcting its defects, modifying its rigor, or better promoting justice—" should have a liberal construction to advance the remedy." *Holt* v. *Smart*, 46 N. H. 9, 10 ; *Brown* v. *Pendergast*, 7 Allen 427, 429; *Hudler* v. *Golden*, 36 N. Y. 446.

The opinion singles out the concluding sentence of the New York statute, and declares that the same must be strictly construed as in derogation of the common law.  But the concluding sentence is inseparably connected with, and cannot fairly be considered apart from, the provisions that precede it.  Remove the preceding provisions, and the concluding sentence means nothing and has no office to perform.  Remove the concluding sentence, and the preceding sections would operate so oppressively upon insurance companies that it is incredible they would ever have been enacted.  The statute is a consistent whole ; and in determining

whether its character is such as to call for a strict or a liberal construction, it should be treated as a whole.

Viewed as a whole, the statute is purely remedial. By the common law, the premium was payable *ad diem*, without grace and without notice; and if not paid on the specified day, the policy and all payments theretofore made thereon became forfeited. In many cases this worked great hardship to an honest policy-holder, who, through inadvertence or fault of memory, overlooked the day of payment. It was to remove this hardship, to ameliorate the rigor of the common law in this respect, that the statute was passed requiring notice of the time and place of payment, the amount to be paid, and the consequences of non-payment, to be sent to the policy-holder before a forfeiture could be incurred.

The legislative purpose was remedial, was to promote justice. Justice would not be promoted by merely transferring hardship from the shoulders of one party to those of another. In removing the hardship which the common law imposed on the insured, it was necessary to guard against imposing an equal or greater hardship upon the insurer. To require notice as a condition precedent to forfeiture, and leave the insurer to prove the giving of the notice by the strict common-law rules of evidence, would make it practically impossible for the insurer to cancel its liability to policy-holders who refused to pay their premiums. It was accordingly provided that an affidavit of the giving of the notice, made by the person entrusted with that duty, should be competent and presumptive evidence of the giving thereof. This provision is as remedial as the preceding provisions of the statute, which relate to the notice. The change made in the substantive common law for the relief of the policy-holder necessitated a corresponding change in the common law of evidence, in order that even-handed justice might be done. If the statute had been enacted without the affidavit provision, and the legislature, finding that it operated oppressively upon the insurance companies, had subsequently enacted the affidavit provision to cure that defect, the remedial character of such provision would not be doubted. That the need of such provision was foreseen, and the provision made in the original act, does not alter its remedial nature.

The portion of the statute requiring notice has been liberally construed in favor of the insured by the New York courts. Compare majority and minority opinions in *Baxter* v. *Life Insurance Co.*, 119 N. Y. 450, 453, 457. To construe liberally so much of the statute as was enacted for the benefit of the insured, and to construe strictly so much thereof as was enacted for the benefit of the insurer, would be inconsistent with the plain legisla-

tive intention to mete out equal justice to each party—to relieve
the one from hardship without casting hardship on the other. The
statute is remedial, its notice and affidavit provisions are each nec-
essary to the just accomplishment of the remedial design, and the
latter provision should, as much as the former, be construed liber-
ally, in accordance with its spirit, for the better fulfilment of the
remedial purpose of the law-maker.

The opinion seems to overlook the real object of the affidavit
provision of the statute, and to confuse the requirements of the
statute as to the contents of the *notice* with its requirements as to
the contents of the *affidavit.* The real object of the affidavit pro-
vision was to enable the insurer to prove, not the contents of the
notice mailed, but the fact of mailing a notice, at the proper time,
properly addressed, and postage paid. This is apparent both
from the language of the affidavit provision and from the nature
of the difficulty which that provision was drawn to obviate. It
was the fact of duly mailing a notice—not the character of the
notice if one was mailed—which it was impracticable for the in-
surance companies to establish under the common-law rules of
evidence. It was solely to enable them to prove the fact of due
mailing that a modification of the common-law rules of evidence
was needed.

The statute does not require, either expressly or by fair intend-
ment, that the contents of the notice shall be stated in the affidavit.
It prescribes with great particularity what the notice shall con-
tain, and provides that "the affidavit of any officer, clerk, or agent
of the corporation, or of any one authorized to mail such notice,
that the notice required by this section has been duly addressed
and mailed by the corporation issuing such policy, shall be pre-
sumptive evidence that such notice has been duly given." Does
this provision call for an affidavit that the notice stated certain
things? By no means. It calls simply for an affidavit that the
notice "has been duly addressed and mailed." That the notice
"has been duly addressed and mailed" is the fact which it is the
office of the affidavit to prove, and the important fact for the affi-
davit to state.

The opinion declares the defendants' affidavit inadmissible be-
cause it did not expressly aver that the amount of the premium,
and the place where and the person to whom the same was paya-
ble, were stated in the notice mailed. In other words, the court
hold that the affidavit must set out in full the contents of the
notice, and show that every fact which the statute requires the
notice to state was therein stated. The only possible way in
which the court could reach such a result is by putting a strained
and technical construction upon the words "required by this sec-

tion" in the concluding sentence of the act already quoted. The most cursory reading of the statute will show that it is not couched in general phrases, but in language specific, explicit, and exact. If the author of such an act had intended to require the affidavit to describe the notice in detail, he would have said so. He would not have left such an intention to be inferred from the words "required by this section" in the sentence as actually drawn. Those words are fraught with no such weighty import. The sentence provides for an affidavit that "the notice" has been duly addressed and mailed. What notice? The notice "required by this section," of course. The plain and obvious purpose of the adjective phrase "required by this section" is merely to explain what notice is meant, and not to require the contents of the notice to be set forth in the affidavit.

Why put a strained and exaggerated interpretation on four little words in a carefully drawn statute, when a simple and natural explanation of those words is at hand? The rules of statutory construction do not call for such interpretation, but for a broad and liberal, rather than a narrow and technical, treatment of this remedial enactment. No judicial decision can be invoked to support such interpretation, for the courts have heretofore regarded as the important question, and concerned themselves with, the phraseology of the notice rather than the phraseology of the affidavit. Such interpretation is not required for the protection of either insurance companies or policy-holders. The prevention of the mischiefs at which the statute was aimed does not demand it. It tends more to defeat than to advance the spirit and purpose of the act.

The affidavit must, of course, in some way connect the notice it refers to with the statute. It must show that the notice was an attempted compliance with this statute, and not a notice of a different character mailed for a different purpose. But as the office of the affidavit is not to prove that the notice was a sufficient compliance, but merely to prove that it was "duly addressed and mailed," it is enough if the affidavit shows that the notice was intended to be and purported to be a notice under the act. It is then admissible and presumptive evidence of the fact of due mailing, and the contents of the notice may be shown by extrinsic proof. This construction satisfies the language of the act, accomplishes the purpose which the affidavit provision was intended to effectuate, and is in accordance with the rule that the spirit and object of a remedial statute are to be looked to. The construction adopted by the court in its opinion loses sight of the legislative purpose, and exaggerates the importance and mistakes the office of four isolated words.

BINGHAM, J. 1. The plaintiff's right of action accrued not earlier than March 18, 1894, and suit was brought within six years thereafter. The declaration contained in the writ consisted of the common counts. While the *ad damnum* was stated, the specific sum sought to be recovered was omitted. The court permitted the plaintiff, without objection, to amend her declaration by adding new counts. The declaration, as first drawn, sufficiently stated a cause of action by which to amend. The cause of action was not changed by the amendment, and no reason appears why the suit was not seasonably brought.

2. The uncontradicted evidence of the plaintiff was, that after the assured's death the defendants were notified thereof and requested to send blank proofs of death; that they replied that "no proofs were needed—that the policy had lapsed for non-payment of premiums"; and in response to a second notification, they replied that they "had decided not to allow . . . claim for insurance." This evidence, if believed, would establish a distinct denial of liability and a refusal to pay, on the ground that the policy had lapsed, and would constitute a waiver of the condition requiring proof of death. Such a denial would be equivalent to a declaration by the defendants that they would not pay the insurance, though proof of death were furnished. Under such circumstances, to require the proof would be an idle formality, the observance of which the law does not deem necessary. *Knickerbocker Life Ins. Co.* v. *Pendleton*, 112 U. S. 696; 2 May Ins. (4th ed.), s. 469, and cases cited. It would seem, however, that the question whether the evidence establishes a denial of liability should be submitted to the jury. *Perry* v. *Insurance Co.*, 67 N. H. 291, 296; *Farmers' etc. Ins. Co.* v. *Moyer*, 97 Pa. 84, 441.

3. The policy was issued in the state of New York, and the contract is governed by the laws of that state so far as they relate to its nature, validity, and interpretation. It is there held that proof of payment of the premium is not essential to the maintenance of an action upon a life insurance policy, even though it contains a provision that a failure to pay the premium when due shall render the policy void; that it is only when there is evidence of non-payment of premium, coupled with proof that the notice required by statute (Laws of New York, 1892, c. 690, s. 92) has been duly mailed to the assured, that a cause of action can be defeated; that a policy is valid until duly forfeited, and cannot be forfeited until the statutory notice has been given and the thirty days therein specified has elapsed without payment of the premium. *Fischer* v. *Insurance Co.*, 167 N. Y. 178, 182, 183. It was therefore incumbent upon the defendants to establish these facts by competent proof, to entitle them to a verdict.

4. The statute in force when this policy was issued reads as follows: "No life insurance corporation doing business in this state shall declare forfeited, or lapsed, any policy hereafter issued or renewed, and not issued upon the payment of monthly or weekly premiums, or unless the same is a term insurance contract for one year or less, nor shall any such policy be forfeited, or lapsed, by reason of non-payment when due of any premium, interest, or instalment, or any portion thereof required by the terms of the policy to be paid, unless a written or printed notice stating the amount of such premium, interest, instalment, or portion thereof, due on such policy, the place where it should be paid, and the person to whom the same is payable, shall be duly addressed and mailed to the person whose life is insured, or the assignee of the policy, if notice of the assignment has been given to the corporation, at his or her last known post-office address, postage paid by the corporation, or by an officer thereof, or person appointed by it to collect such premium, at least fifteen and not more than forty-five days prior to the day when the same is payable. The notice shall also state that unless such premium, interest, instalment, or portion thereof, then due, shall be paid to the corporation, or to a duly appointed agent or person authorized to collect such premium by or before the day it falls due, the policy and all payments thereon will become forfeited and void except as to the right to a surrender value or paid-up policy as in this chapter provided. If the payment demanded by such notice shall be made within the time limited therefor, it shall be taken to be in full compliance with the requirements of the policy in respect to the time of such payment; and no such policy shall in any case be forfeited or declared forfeited, or lapsed, until the expiration of thirty days after the mailing of such notice. The affidavit of any officer, clerk, or agent of the corporation, or of any one authorized to mail such notice, that the notice required by this section has been duly addressed and mailed by the corporation issuing such policy, shall be presumptive evidence that such notice has been duly given."

The plaintiff's exception presents the question whether the affidavit was admissible in evidence.

If the affidavit fully complied with the provisions of the statute, and would be competent evidence, in a suit brought in New York upon the contract, to prove that the required notice was duly mailed to the assured, it would not follow that it would be admissible for a like purpose in a suit brought in this state, if the statutory provision making the affidavit presumptive evidence of notice prescribes a rule of evidence, and is not a matter attaching to the rights of the parties under the contract; for if it relates to the procedure for enforcing the contract, it would have no extra-terri-

torial effect. While it is the general rule that the law of the place where the contract is made governs the rights of the parties, it is also a general rule that the law of the place where the action is brought "controls the admission of evidence and prescribes the modes of proof by which the terms of the contract are made known to the court, as well as the form of the action by which it is enforced." *Hoadley* v. *Transportation Co.*, 115 Mass. 304; *Baxter Nat'l Bank* v. *Talbot*, 154 Mass. 213; *Emery* v. *Burbank*, 163 Mass. 326; *Miller* v. *Brenham*, 68 N. Y. 83, 87, 88; *Pritchard* v. *Norton*, 106 U. S. 124, 134; *Yates* v. *Thompson*, 3 C. & F. 544, 586, 587; *Don* v. *Lippmann*, 5 C. & F. 1, 14, 16; *Bain* v. *Railway*, 3 H. L. Cas. 1, 19; Sto. Conf. Laws, *s.* 634 a. But counsel have not argued this question, and, as the case may be disposed of upon other grounds, it is not decided.

An analysis of the statute shows that the notice therein required should state (1) the amount of the premium due on the policy, (2) the place where it should be paid, (3) the person to whom payable, and (4) that unless the premium then 'due shall be paid to the company or its agent authorized to collect the same, by or before the day it falls due, the policy and all payments thereon will become forfeited and void, except as to a right to a surrender value or paid-up policy. The statute also requires that the notice shall be duly addressed and mailed to the party insured, postage prepaid, at least fifteen and not more than forty-five days prior to the day when the same is payable, and makes the affidavit of the agent authorized to mail the notice, that the statutory notice has been duly addressed and mailed, presumptive evidence that the notice has been duly given.

Did the affidavit offered in evidence comply with the statute, and show that the defendants had duly addressed and mailed the statutory notice? It affirms that a notice was duly addressed and mailed, postage prepaid, to the assured, at least thirty and not more than forty-five days before the premium became due; that it stated when the premium would become due, and that unless it was paid the policy and all payments thereon would become forfeited and void. The pages of the register preceding the jurat, and which are a part of the affidavit, show the number of the policy, the date when the premium became due, the name of the assured, his post-office address, and the date of mailing; but failed to show that the notice stated the four requirements above enumerated. The affidavit therefore did not answer the requirements of the statute, and was incompetent testimony.

A statute conferring such privileges is to be strictly construed. It is in derogation of the common-law rules of evidence, and confers upon the company the privilege of making evidence for itself.

Lord *Brougham*, in an opinion delivered in the house of lords construing a statute conferring similar privileges, said: "It is most important that everything should be done which the statute . . . requires to be done, and for this reason. A great privilege is bestowed by the act upon the company, neither more nor less than that of making evidence for itself. The books of the company are made evidence for the company, and, unless rebutted by counter-evidence, will be sufficient to warrant a verdict in each case. It must be admitted that this is a very great privilege, and an exception to the ordinary rules of evidence. By those rules, and the rules of common sense and justice, what a man writes is evidence against him, but not evidence in his favor; but here the proposition is reversed. . . . This is a great privilege, and in order to justify the exercise of it, the conditions on which it is given, namely, the provisions of the statute as to the making of these entries, must be strictly complied with; and I hold that it is much safer to consider each of those provisions as a condition precedent, as a provision imperative, and not merely directory, on account of the great importance of the privilege itself, and on account of its being an exception to all ordinary rules of evidence." *Bain* v. *Railway, supra*, 22.

And this court, in passing upon a similar question, said: "Such evidence is admissible only by virtue of the exception which this statute has created to the general rules of the common law; and statutes in derogation of the common law are to be strictly construed. . . . Whoever, therefore, would avail himself of the provisions of the statute in question, must show a full compliance with its terms." *Wendell* v. *Abbott*, 43 N. H. 68, 73.

The affidavit not being admissible, the defendants' motion for a verdict was properly denied.

This result renders it unnecessary to consider whether the evidence introduced at the trial entitled the plaintiff to go to the jury upon the question of payment. At a subsequent trial the question may not be raised; and if raised, the evidence offered may not be the same. That question will be seasonably considered when it is known what the evidence is.

*Defendants' exception overruled.*

WALKER, J., did not sit: the others concurred.