McLANE, SWIFT & CO. *v.* BOTSFORD ELEVATOR CO.

1. NEGLIGENCE—PROXIMATE CAUSE—ELEVATOR COMPANIES.
    Failure by an elevator company to ship grain at the time
    agreed upon is not the proximate, but the remote, cause of
    the loss from its destruction by the accidental burning of the
    elevator after the time when it should have been shipped.

2. SAME.
    A defendant whose negligence is the remote, and not the proxi-
    mate, cause of a loss, is not liable therefor.

3. SAME—CONVERSION.
    Where an elevator company contracted to clip oats in its eleva-
    tor, and reship them in the same cars in which they were re-
    ceived, but, instead thereof, used the cars for other purposes,
    and kept the grain in the elevator, where it was accidentally
    burned, the company was not guilty of conversion, nor was
    its failure to reship in the same cars the proximate cause of
    the loss.

Error to St. Clair; Tappan, J.    Submitted April 6,
1904.    (Docket No. 16.)    Decided June 7, 1904.

Case by McLane, Swift & Company against the Bots-
ford Elevator Company to recover the value of certain
grain destroyed while in defendant's custody.    From a
judgment for plaintiff, defendant brings error.    Reversed.

*Phillips & Jenks*, for appellant.

*Arthur B. Williams* (*Avery & Walsh*, of counsel),
for appellee.

CARPENTER, J.    In the fall of 1901, plaintiff shipped
certain oats from Battle Creek, Mich., to the eastern
cities.    It arranged with defendant to clip these oats at its
elevator in the city of Port Huron, and to reship them on
their original bills of lading.    While these oats were in
defendant's elevator, and before they were clipped, the

building and the oats were accidentally destroyed by fire. It is affirmed by plaintiff, and denied by defendant, that, if the latter had faithfully performed its obligations, the oats would have been shipped from the elevator before the fire occurred.   Assuming plaintiff's claim to be sound, the question arises whether the failure of defendant to perform this obligation was a proximate cause of the loss of the oats.   The trial court decided that it was, and this decision resulted in a verdict and judgment for the plaintiff.

We think this decision erroneous.   Defendant's neglect to clip and ship the oats had no direct relation to their destruction.   It simply resulted in leaving them where they were burned by a fire for which defendant was not responsible.   Defendant's neglect was therefore, at most, the remote cause, while the accidental fire was the proximate cause, of plaintiff's loss; and it is authoritatively settled, as we shall show, that the law does not look beyond the proximate cause.   In *Lewis* v. *Railway Co.*, 54 Mich. 55 (19 N. W. 744, 52 Am. Rep. 790), plaintiff, a passenger on defendant's railway, was wrongfully carried past his station, and, on leaving the train, was misinformed as to his location.   He soon discovered his whereabouts, and started home.   He knew the neighborhood, and the location of certain cattle-guards and culverts; but he was deceived by his eyes, his foot slipped, and he fell into a culvert, and was seriously injured.   It was held that this injury was not a proximate result of defendant's wrong.   In deciding the case, the court said (page 66):

"If lightning had chanced to strike the plaintiff at that place, the fault of the defendant, and its relation to the injury, would have been the same as now, and the injury could have been charged to the defendant with precisely the same reason as now.   If the accidental discharge of a gun in the hands of some third person had wounded the plaintiff as he approached the cattle-guard, the connection of defendant's wrong with the injury would have been precisely the same which appears here.   But the proximate cause of injury in the one case would have been the act of God; in the other, inevitable accident, but not more plainly

accident than was the proximate cause here.  Back of that cause in this case were many others, all conducing to bring the plaintiff to the place of the danger and the injury; the act of the defendant was the last of a long sequence; but, as between the causes which precede the proximate cause, the law cannot select one, rather than any other, as that to which the final consequence shall be attributed, and it stops at the proximate cause, because to go back of it would be to enter upon an investigation which would be both endless and useless."

No argument is necessary to prove that the principle applied in the foregoing case applies to the case at bar.  See, also, *Michigan Central R. Co.* v. *Burrows*, 33 Mich. 6; *Morrison* v. *Davis*, 20 Pa. St. 171 (57 Am. Dec. 695); *Denny* v. *Railroad Co.*, 13 Gray, 481 (74 Am. Dec. 645); *Hoadley* v. *Transportation Co.*, 115 Mass. 304 (15 Am. Rep. 106); *Railroad Co.* v. *Reeves*, 10 Wall. 176; *Daniels* v. *Ballantine*, 23 Ohio St. 532 (13 Am. Rep. 264); and *Ashe* v. *De Rossett*, 50 N. C. 299 (72 Am. Dec. 552). The last is a case almost precisely like that at bar.

It is true that in this case the property was lost while it was still in defendant's custody, and in many of the cases above cited the loss did not occur until after it had left the custody of the defendant charged with negligence. Plaintiff insists that this distinction makes the rule declared in the above cases inapplicable.  According to this argument, defendant would not be responsible for an accidental destruction of the goods after its negligent delay, provided they had been shipped, but would be responsible if they had not been.  We are unable to see any sound basis for this distinction.  Defendant's wrong has precisely the same relation to the loss in the one case as in the other. If authority is needed to show that this distinction is unsound, we refer to *Hoadley* v. *Transportation Co.* and *Ashe* v. *De Rossett, supra.*

Many of the cases above cited were actions on the case, like that brought by plaintiff, and therefore we cannot accept plaintiff's contention that the rule does not apply to an action on the case.

There is authority for saying (see *Michaels* v. *Railroad Co.*, 30 N. Y. 564 [86 Am. Dec. 415]; *Read* v. *Spaulding*, 30 N. Y. 630 [86 Am. Dec. 426]) that, if defendant had had the custody of these oats as a common carrier, it would have been responsible for their loss, under the circumstances disclosed by this record. There is no occasion in this case either to approve or to disapprove these decisions, though they are opposed to *Morrison* v. *Davis*, *Denny* v. *Railroad Co.*, and *Hoadley* v. *Transportation Co.*, *supra*, as well as to the reasoning of this court in *Michigan Central R. Co.* v. *Burrows*, *supra*. They are based on the extraordinary obligation of a common carrier (an obligation not imposed upon the defendant), who is responsible for loss of goods in his custody unless excused by an act of God or of the public enemy. Their reasoning, if sound, has no application to the case at bar.

It is the claim of the plaintiff that some of the oats destroyed by fire were to have been reshipped in the same cars which brought them to defendant's elevator; that defendant is responsible for the loss of these oats, because it used said cars for another purpose. Plaintiff's right to recover on this theory was denied by the trial judge. We approve that decision. Under the foregoing reasoning, the use of the cars for another purpose, though a wrong to plaintiff, was not the proximate cause of the destruction of the oats. Neither can it be said that it was a conversion of the oats. A conversion of the oats can only arise from some improper dealing with the oats themselves. It cannot arise from an improper use of the cars of the railroad company, from which they have been taken.

It results from this reasoning that defendant was entitled to have a verdict directed in its favor.

Judgment reversed, and a new trial ordered.

The other Justices concurred.