## John D. McRae v. J. H. Hill.

### Gen. No. 12,390.

1.  WAREHOUSEMAN—*when guilty of breach of contract.* A warehouseman who agrees to store the effects of the owner in a particular room and stores such effects in such room, but subsequently, without the consent of such owner,· moves such effects to another room, is guilty of a breach of contract.

2.  WAREHOUSEMAN—*when not liable for breach of contract.* Where a warehouseman is guilty of a breach of contract in removing property stored from one room to another, he is not liable for injury resulting to such property, unless such breach was the proximate cause of the injury.

3.  BREACH OF CONTRACT—*when damages may be recovered for.* The rule as to damages for the breach of a contract, or for negligence, is that the party guilty of such breach, or of such negligence, is responsible only for the proximate, and not for the remote consequences of his act or conduct.

Action of assumpsit. Appeal from the Circuit Court of Cook County; the Hon. LOCKWOOD HONORE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1905. Reversed, with finding of facts. Opinion filed April 24, 1906.

**Statement by the Court.** This is an appeal by the defendant from a judgment for $150, recovered by the plaintiff for the destruction of certain goods and injury to other goods of the plaintiff by fire while in the warehouse of the defendant.

The plaintiff entered into a contract with the defendant, a warehouseman, whereby the latter agreed to store the goods of the plaintiff in a certain inside room in his warehouse, for which the plaintiff agreed to pay the defendant $2 per month. The goods were delivered to defendant, and the greater part of them placed in the room agreed upon. Afterwards, without the knowledge or consent of the plaintiff, defendant removed said goods from said room to an adjoining outside room with an outside window. A fire which originated in another building spread to the warehouse of the defendant and by such fire the goods of plaintiff, in the room to which they had been removed,

were greatly damaged, while other goods which were at that time in the room in which defendant had agreed to store plaintiff's goods were only slightly damaged.

CRATTY BROS., JARVIS & LATIMER and CHARLES S. KNUD-SON, for appellants.

GEORGE W. PLUMMER and WHARTON PLUMMER, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

The defendant broke his contract with the plaintiff by removing the goods from the room in which he had contracted to store them and placing them in another room where they were greatly damaged by a fire which originated in another building, while similar goods which were in the room in which defendant had contracted to place plaintiff's goods were only slightly damaged by the fire.

The rule as to damages for the breach of contract or negligence is, that the party guilty of such breach, or of negligence, is responsible only for the proximate, and not for the remote consequences of his act or conduct. " *Causa proxima, non remota, spectatur.*" The rule is one of universal application, but the difficulty lies in the application of the rule; in determining when the cause of an injury is to be considered proximate, and when remote. In Fent v. T. P. & W. R. W. Co., 59 Ill. 349–351, it is said: " Parsons, in his work on Contracts, vol. 2, page 456, 1st ed., after alluding to the confusion in which the adjudged cases leave this question, says: ' We have been disposed to think that there is a principle derivable on the one hand from the general reason and justice of the question, and on the other applicable as a test in many cases, and perhaps useful, if not decisive, in all. It is, that every defendant shall be held liable for all of those consequences which might have been foreseen and expected as the results of his conduct, but not for those which he could not have foreseen, and was therefore under no moral obligation to take into consideration.' We are disposed to regard this explanation of the rule as clearer, and capable of more precise

McRae v. Hill.

application, than any other we have met with in our examination of this subject, and it is in substantial accord with what is said by Pollock, C. B., in Higby v. Hewitt, 5 Exch. 240."

Whether a breach of contract or an act of negligence was the proximate cause of the injury for which compensation is sought is in each case a question of fact.  Fent v. R. R. Co., *supra;* Pullman Co. v. Laack, 143 Ill. 242.

In Tweed v. Insurance Co., 7 Wall, 44, it was said: "One of the most valuable of the *criteria* furnished by the authorities is to ascertain whether any new cause has intervened between the fact accomplished and the alleged cause. If a new force or power has intervened, of itself sufficient to stand as the cause of the mischief, the other must be considered too remote."

In Railroad Co. v. Reeves, 10 Wallace, 176, the trial court instructed the jury that if the defendant railroad company contracted to take a car-load of tobacco from Chattanooga on a certain day, but did not take it until the next day, when from a flood the tobacco was injured, then if the jury believed that, if the defendant had taken said car from said city on the day agreed upon, it would have escaped injury, the defendant was liable.  This instruction was held erroneous upon the ground that: "Even if there had been such a contract, the failure to comply would have been only the remote cause of the loss."

To the same effect are:  Mich. Cent. R. R. Co. v. Burrows, 33 Mich. 6; Morrison v. Davis, 20 Pa. S. 171; Denny v. N. Y. C. R. R. Co., 13 Gray, 481; Hoadley v. N. T. Co., 115 Mass. 304; Daniels v. Ballentine, 23 Ohio S. 532.

In Ashe v. De Rossett, 5 Jones Law (50 N. C.) 299, the plaintiff, a planter, took his rice to defendant's mill to be beaten and the court found that the defendant did not beat the rice at the time agreed upon, and by reason thereof the rice was in the mill when it was burned and was destroyed, and it was held that the plaintiff could not recover in respect to the burning of the mill, because the damages were too remote.

In McLane et al. v. Botsford El. Co., 99 N. W. 875 (Sup. Ct. of Mich.), certain oats were placed in the defendant's elevator to be clipped and then shipped on original bills of lading, and while the oats were in the elevator the building was accidentally burned. Plaintiff's claim was that, if the defendant had faithfully performed its obligations, the oats would have been shipped from the elevator before the fire occurred, and the trial court held that the failure of the defendant to perform its obligations was a proximate cause of loss of the oats, and it was said: "We think this decision erroneous. Defendant's neglect to clip and ship the oats had no direct relation to their destruction. It simply resulted in having them where they burned by a fire for which the defendant was not responsible. Defendant's negligence was therefore, at most, the remote cause, while the accidental fire was the proximate cause of plaintiff's loss."

The only case which we have found which is directly in favor of plaintiff in this case is Lilley v. Doubleday, 7 Q. B. Div. 510. There the defendant contracted with the plaintiff to warehouse certain goods of the plaintiff in a particular building, but warehoused a part of them in another building which with the goods was accidentally destroyed by fire, and it was held, that the damage was not too remote, and that the defendant, by his breach of contract, had rendered himself liable for the loss of the goods. In that case Burrows v. March Gas and Coke Co., Law Rep. 5 Ex. 57, on appeal Law Rep. 7 Ex. 96, was relied upon as showing that the damages were not too remote. In that case the defendants were under a contract with the plaintiff to put a service gas pipe in plaintiff's house. The pipe was defective and plaintiff contracted with another gas fitter to put in another service pipe. The second gas fitter negligently took a lighted candle to search for the leak in the pipe put in by defendants, and the explosion occurred which damaged plaintiff's property, and it was held that the defective pipe was the primary, but not strictly the proximate cause; that is, the next immediate event before

the explosion. But the court determined that the proximate cause of the injury, as against the defendants, was the defective service pipe.

In Pullman Co. v. Laack, 143 Ill. 242, through the negligence of defendant the coverings of brick kilns of defendant were burned. During the progress of the fire plaintiff, a servant of the defendant, to remove a tank of gasoline which stood so near the burning structures that there was danger of an explosion, directed a fellow-servant to turn a valve which would stop the flow of the gasoline from the tank, and supposing that the valve had been turned, plaintiff went under the tank to uncouple and disconnect it, so that it could be moved away from the fire. In fact, the valve had not been turned, and when the pipe was uncoupled the gasoline poured out, took fire and plaintiff was burned, and it was held that the negligence of defendant which caused the fire, and that of the fellow-servant who negligently failed to turn the valve, were concurrent causes and combined were the proximate cause of the injury. In the opinion in that case it was said (p. 262): "An efficient cause is simply the 'working cause,' or that cause which produces effects or results (Webster), and a proximate cause is that which stands next in causation to the effect—not necessarily in time or space, but in causal relation."

In both of the cases last cited there was an unbroken sequence from the wrong of the defendant to the injury of the plaintiff without an intervening efficient cause. The use of the lighted candle in the first case would have caused no injury to the plaintiff's building, but for the negligence of defendant by reason of which gas escaped into the building. The failure of the fellow-servant of plaintiff to turn the valve in the second case would not have injured plaintiff but for the fact that through the negligence of defendant a building was burning and the flames or heat from it ignited the gasoline. Here the removal of the goods of plaintiff and the fire had no natural or necessary connection. The removal of the goods was but the occasion, not the cause of this damage. It constituted a breach

of the contract, and for any injury naturally resulting therefrom, for any consequence of such breach which might have been foreseen and expected as the result of such breach the defendant is responsible, but, except by a conjunction, which there was no reason to anticipate and which was entirely fortuitous with a subsequent event, it had no agency in causing the damage to plaintiff's goods. Of that damage the fire was the proximate and efficient cause.

It follows from what has been said that, in our opinion, the defendant was entitled to have a verdict directed in his favor, and the cause will be reversed with a finding of facts and not remanded.

*Reversed with finding of facts.*