fendant was entitled to recover damages caused by plaintiff's unreasonable delay following the time limit specified in the contract was erroneous.

4. BUILDING AND CONSTRUCTION CONTRACTS, § 63*—*when contract complied with as to architect's certificate.* Where a contract provides that payment should be made "on the basis of 85% of the value of labor and material delivered and in place, as allowed by the architect's certificates," and the only certificate shown was that of the city architect, which did not show the "value of labor and material delivered," there is no evidence of a failure to make payment as per contract.

## R. A. Weigel, Appellee, v. The W. C. Reebie & Brother Company, Appellant.

### Gen. No. 20,320.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. MARCUS A. KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed. Opinion filed April 23, 1915.

## Statement of the Case.

Action by R. A. Weigel against The W. C. Reebie & Brother Company, a corporation, to recover the value of goods burned, on the theory that the defendant had broken its contract to store goods in a fireproof room, by placing them in a room with wooden walls, and that the proximate result of such breach was a total loss of the plaintiff's goods by fire. A verdict was rendered in favor of plaintiff for four hundred and fifty dollars, and from a judgment entered on that verdict the defendant appeals.

*See *Illinois Notes Digest.* Vols. XI to XV, and *Cumulative Quarterly,* same topic and section number.

WILLIAM ENGLISH, for appellant.

FRANCIS X. BUSCH and ALBERT SCHAFFNER, for appellee.

MR. PRESIDING JUSTICE FITCH delivered the opinion of the court.

## Abstract of the Decision.

1. WAREHOUSEMEN, § 6*—*when liable for damage to property not stored in fireproof room.* Where a warehouseman who expressly contracts to store goods in a fireproof room in a warehouse, selected because of its supposed immunity from fire, stores them instead in a room that is not of that character, which subjected them to a risk not contemplated by the parties, he is liable for the resulting loss by fire.

2. WAREHOUSEMEN, § 1*—*what is effect of holding out as.* One who holds himself out to the public as operating a warehouse, and whose representation is acted upon in good faith by one who contracts to store his goods in such building, is liable in case of loss to the goods, the same as if he were operating it.

3. CORPORATIONS, § 506*—*when ultra vires must be pleaded.* The defense of *ultra vires* can be set up by a corporation only when it has been by it specially pleaded.

4. WAREHOUSEMEN, § 6*—*when contract as to storage in fireproof room not waived.* Where one contracts with a warehouseman to store goods in a fireproof room, knowledge upon his part, that the warehouseman has stored the goods elsewhere does not constitute a waiver.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.