## William B. Wrenn, Appellee, v. Warble Storage & Furniture Company, Appellant.

### Gen. No. 29,315.

1. WAREHOUSES AND STORAGE—*liability of warehouseman for loss by fire.* A warehouseman is liable for the loss by fire of goods which it agreed to store in its new fireproof warehouse but which, instead, it left for five days in its adjoining shipping room which was not completed and was without doors or windows.

2. EVIDENCE—*competency of householder as opinion witness as to value of household goods.* A householder is presumed to have some general knowledge of the value of the usual run of household goods and is competent to give his opinion as to their fair cash market value at a given time.

3. EVIDENCE—*when evidence as to value of household goods not objectionable as based on replacement cost.* That the plaintiff in an action for the loss by fire of furniture stored by defendant took into consideration the cost of replacing the various articles with new pieces affected neither the competency nor the value of his testimony where it appeared that he was not giving such replacement value as the value of the articles destroyed.

4. HARMLESS ERROR—*when error in examination of witness harmless.* That a few isolated questions were asked of plaintiff which were objectionable on the question of the value of goods destroyed by fire for which he was suing is not sufficient to justify reversal where no complaint is made by defendant that the judgment recovered is excessive and the sum assessed by the jury shows that they placed a value on the goods destroyed which was considerably less than might have been warranted by the testimony.

Appeal by defendant from the Circuit Court of Cook county; the Hon. PHILIP L. SULLIVAN, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1924. Affirmed. Opinion filed April 29, 1925.

BURT A. CROWE, for appellant.

ERNEST S. GAIL and DAVID H. JACKSON, for appellee.

MR. JUSTICE THOMSON delivered the opinion of the court.

The plaintiff Wrenn brought this action in assumpsit against the defendant company, seeking to recover the value of a quantity of household furniture which had been destroyed by fire, as the result of the alleged failure to the defendant to comply with its agreement with the plaintiff, to store it in a fireproof warehouse. The defendant pleaded the general issue and the cause was submitted to a jury, resulting in a verdict for the plaintiff, the jury assessing the damages at $1,400. Judgment for the plaintiff was entered for that amount. To reverse that judgment the defendant has perfected this appeal. This is not an action on the case against the defendant as bailee in which damages are sought on the basis of the latter's negligence. It is an action in assumpsit, wherein the plaintiff alleged in his declaration and proved by his evidence that the defendant represented that it was operating "a brand new, strictly modern, up-to-the minute, absolutely fireproof and vermin-proof storage warehouse," in which it agreed to store the plaintiff's household goods for a stated consideration; and the plaintiff, relying upon that representation, delivered his goods to the defendant for storage, and the defendant failed to carry out its agreement to place the goods in its fireproof warehouse, as contemplated by the parties.

The evidence shows that the defendant was building a fireproof warehouse in the Village of Wilmette, where the plaintiff's home was located. Early in the spring of the year and before the warehouse was completed, a representative of the defendant talked with the plaintiff's wife, and she said they contemplated moving about the first of May. He told her of the fireproof warehouse his company was building and said it was nearing completion. She asked him whether if they moved earlier than they contemplated "it would mean that our furniture would have to go into the temporary warehouse," and he

replied that the warehouse was near enough completion so that they could take care of some of the furniture, and later, on the evening before the plaintiff's furniture was moved, plaintiff's wife had another talk with the same man and asked whether their furniture was going into the new warehouse, and he said it was.  The evidence shows further that at the rear of the fireproof warehouse which was nearing completion there was a large room which is referred to in the testimony as a shipping or receiving room. When the defendant took the plaintiff's furniture to its warehouse it was piled up in this room and left there several days.  The furniture was placed there on March 25, and on the night of March 30 it was consumed by fire.  When the fire department arrived the furniture was all ablaze and burning fiercely, but the building was not on fire and no part if it burned. Apparently, this room in which the defendant had placed the plaintiff's furniture had not been entirely completed at the time the furniture was put in it. From the evidence it seems that the room was entirely open and accessible from the outside, for the testimony showed that it had no windows or doors in it.  The chief of the fire department testified that when they reached the fire it had apparently been burning for twenty minutes or more.  He testified that if the furniture had been covered with kerosene and then "touched off," it would have made just about such a fire as they found when they arrived.  The fire was extinguished but not until after the plaintiff's furniture had been consumed, but, as before stated, no part of the defendant's building was burned and a large amount of the furniture which the defendant had stored for others in its warehouse proper was, in no way, damaged.

In contending that it is not liable under these circumstances, the defendant relies upon the case of *McRae v. Hill,* 126 Ill. App. 349.  In contending the

contrary, the plaintiff relies upon the case of *Weigel v. W. C. Reebie & Brother Co.*, 192 Ill. App. 283. In our opinion the latter case is controlling. For the reasons stated by this court in that decision, the judgment appealed from was warranted. As this court there stated, where a warehouseman specially contracts to store goods in a fireproof warehouse and stores them instead in a building or place that is not of that character, he is liable for loss by a fire resulting from whatever cause. In the decision referred to, this court cited the case of *Wiley v. Locke,* 81 Kan. 143, where the testimony showed an express agreement to store the plaintiff's goods in a brick resulting from whatever cause. In the decision re-not injured by the fire which destroyed the adjoining wooden building in which the plaintiff's goods had been placed, and the court held that if the defendant had agreed to store the goods in the brick building, "it follows that the placing of the goods in a different building which subjected them to a risk not contemplated by the parties, and wherein they were destroyed by fire, makes the appellants liable for the resulting loss. An agreement to keep property in a certain kind of a building is not satisfied by placing and keeping it in a different kind of a building, especially one less secure than the kind of warehouse provided for in the agreement. * * * When the appellants stored the goods in another building, where they were burned, they made themselves liable for the value of the goods destroyed." The case last referred to holds that where a contract for storage in a particular place shows that the possibility of a fire loss was contemplated by the parties, such a loss is considered as a natural and proximate consequence of a breach of the contract by the warehouseman, in placing the goods in a less secure place and where danger from fire is greater.

In our opinion the evidence in the case at bar shows that the element of danger from fire may rea-

sonably be said to have been within the contemplation of both parties, in making their agreement. The defendant represented, both verbally and in writing, that it was just completing a new warehouse which was absolutely fireproof, and the plaintiff testified that he relied upon that representation. By its agreement, the defendant undertook to store the plaintiff's goods in such a warehouse. When it deposited the goods in its shipping or receiving room, which at the time was not fireproof, but was still open to the outside, and had not been equipped with either doors or windows, and left the goods in that exposed location for five days, it was not fulfilling its agreement. Having chosen to place and leave the goods in a place which was less secure and where danger of their being destroyed by fire was greater than if they had been placed within the completed part of the fireproof warehouse, as contemplated by its agreement, it is liable for the damage caused the plaintiff by the destruction of the goods.

The defendant complains further about the admission of certain testimony of the plaintiff as to the value of the goods destroyed, the contention being that the only basis on which the plaintiff was able to place a value on the various pieces of furniture testified to was what they were worth to him personally and what it would have cost him to go out and buy new pieces of furniture of the same kind and character. We have carefully examined all the testimony on values which is thus objected to, and in our opinion it is not reasonably subject to objection. The plaintiff had apparently made a list of the articles stored with the defendant and destroyed in the fire, and he had placed a value on each article and in the course of his testimony he went over them in great detail and he repeatedly stated, in connection with these values, that such value was the fair cash market value of the article in question at the time it was de-

stroyed. In many instances, on cross-examination, the plaintiff admitted that he based the value of a certain piece of furniture on what it would have cost him to go out and buy a new article of the same kind, but the evidence shows that the value which he had placed on the article was not that cost price. One or two quotations will illustrate the nature of his testimony. He was testifying as to the value of a certain reed chair. On cross-examination he was asked: "So that you fixed your loss and your value on that chair on what it would cost you to replace another chair of the same quality and character, etc., only new?" and he answered, "Yes." However, when we examine the testimony immediately preceding that question, we find that the plaintiff placed a value of $25 on this chair, and that to replace it by a new chair of the same quality would have cost between $20 and $30. He also testified that the fair cash market value of another chair was $20. On cross-examination it was brought out that, at least in part, he based that opinion as to value on what it would have cost him to buy a new chair of the same kind. But the evidence showed that it would have cost him $35 to $40 to buy a new chair of that kind. A householder is presumed to have some general knowledge of the value of the usual run of household goods and is competent to give his opinion as to their fair cash market value at a given time. Neither the competency nor the value of such testimony is affected by the fact that one of the elements such a witness may take into consideration in fixing the values of goods is what it would cost to replace such articles, it being shown that he was not giving such a replacement value as the value of the article destroyed, but was taking into consideration their age and general condition at the time they were destroyed.

Even if there were a few isolated questions asked of the plaintiff on the subject of values, which were

objectionable, we would not reverse this judgment on that ground. No complaint is made by the defendant that the judgment recovered is excessive. The conclusion reached by the jury, in assessing the plaintiff's damages, shows that they placed a value on the goods destroyed which was considerably less than might have been warranted by the testimony.

We find no error in the record and, therefore, the judgment of the circuit court is affirmed.

*Judgment affirmed.*

O'CONNOR, P. J., and TAYLOR, J., concur.