BERNSTEIN *v.* ILLINOIS CENTRAL RAILROAD CO.

1. EVIDENCE—JUDICIAL NOTICE.

It is a matter of common knowledge that during the month of February the temperature may become freezing at any time within a few hours.[1]     Per SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ.

2. CARRIERS—DAMAGE TO APPLES BY FREEZING—NEGLIGENCE—DELAY—PROXIMATE CAUSE—QUESTION FOR JURY.

Where a shipper selected a refrigerator car for the purpose of transporting apples because such car would prevent freezing by sudden changes in the weather and also because it would protect the shipment from freezing in zero weather for a considerably longer time than was usually

---

[1]Evidence, 23 C. J. § 1964.

Prior delay or deviation as affecting carrier's liability for loss or damage to goods from act of God, see note in L. R. A. 1916D, 988.

Liability of carrier where shipper furnishes or selects car, see note in 5 A. L. R. 108.

.required for the trip, whether delay in delivery at destination was due to the carrier's negligence, and whether such delay was the proximate cause of damage by freezing, *held*, questions for the jury.[2]   Per SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ.

3. SAME—ACT OF GOD—FREEZING TEMPERATURE.
   Damage to a shipment of apples by freezing during the month of February, when freezing temperatures may reasonably be expected, is not due to an "act of God."[3]   Per BIRD, C. J., and SHARPE, STEERE, FELLOWS, CLARK, and McDONALD, JJ.

Error to Bay; Houghton (Samuel G.), J.   Submitted January 8, 1926.   (Docket No. 67.)   Decided April 30, 1926.

Case by Daniel Bernstein, doing business as the Valley Products Company, against the Illinois Central Railroad Company and the Michigan Central Railroad Company for damage to certain apples in transit. Judgment for defendants on a directed verdict.   Plaintiff brings error.   Reversed.

*J. L. McCormick*, for appellant.

*Hewitt & Wixson*, for appellees.

SNOW, J.   Plaintiff seeks to recover damages suffered by reason of freezing of a quantity of apples shipped to him at Bay City, Michigan, by the Shafton Company of Chicago.   The defendant Illinois Central Railroad Company was served with process but did not appear, and its default was entered for not pleading.   The Michigan Central Railroad Company defended.   The bill of lading was a straight uniform bill, and among other provisions contained the following:

"No carrier or party in possession of all or any of the property herein described shall be liable for any

[2]Carriers, 10 C. J. §§ 440, 601; [3]Id., 10 C. J. § 132.

loss thereof or damage thereto or delay caused by the act of God."

The shipment was received by the carrier at 11:15 a. m., February 14th; departed from Chicago on the same day at 6:25 p. m.; arrived at Niles, a distance of 92.9 miles, at 12:45 a. m., February 15th; departed from Niles at 4:50 a. m. on the same day; arrived at Jackson, a distance of 116.5 miles from Niles, on the same day at 12:55 p. m.; departed from Jackson on the same day at 8:45 p. m., arrived at Lansing, a distance of 36.9 miles, at 2:00 a. m., February 16th, and arrived at Bay City, a distance of 78.4 miles, at 7:10 p. m., February 16th.  The total time from receipt of the shipment at Chicago until arrival at Bay City being 55 hours and 55 minutes, and the total time from receipt of shipment to the time that the plaintiff was notified of the arrival of the shipment being 71 hours and 15 minutes.  The total distance traveled was 324.7 miles.  Upon being notified of the receipt of the shipment the plaintiff proceeded with the unloading of the apples as rapidly as possible, but found a very large proportion of them had frozen after they had been placed in the car at Chicago.  The car used was what is known as a refrigerator car, with all vents closed and plugs in.  He claims to have sustained a loss in the sum of $820.65.  At the close of the plaintiff's testimony, upon motion of the defendant, the trial court directed a verdict in its favor.

Plaintiff contends that the carriers were guilty of negligence which was the proximate cause of the damage, in that they failed to carry the goods from the point of shipment to their destination with reasonable dispatch, but unreasonably and negligently delayed their transportation, and as a result the damage to the apples occurred.

Defendant insists that it is relieved from all liability

by virtue of its agreement made with the plaintiff against any loss that might be occasioned by freezing, which was an act of God beyond the control of the parties, and was the proximate cause of the injury to the apples, rather than any delay in transportation.

The learned trial judge justifies his course in directing a verdict for the defendant by the holdings of this court in the cases of *Lardie* v. *Railroad Co.*, 192 Mich. 77, and *Randall* v. *Railway Co.*, 212 Mich. 259.

That the instant case may be the more readily distinguishable from the above cases, the following facts are here noted:

The apples were packed, free from frost and in good condition, in a refrigerator car, on the 14th day of February, 1923, at a time of year when it is a matter of common knowledge that the temperature may become freezing at any time within a few hours. They were placed in a refrigerator car (which is the safest way to pack such goods for shipment during the winter months) for the very purpose of avoiding freezing. The plaintiff testified, without dispute, that frost would break through a refrigerator car in zero weather in from 24 to 36 hours, and that apples would stand zero weather in a refrigerator car without freezing from 42 to 48 hours. He also testified that he had been shipping produce between Chicago and Bay City for 15 or 16 years in car load lots as often as 3 or 4 times each week; that a car leaving Chicago in the evening would arrive in Bay City the next day but one, at about 7:30 or 8 o'clock in the morning, about 36 hours; that this was true in the month of February, 1923, and that this had been the usual time in transit at that time of the year between Chicago and Bay City for the last 10 or 12 years. He also testified that when the car was opened after its arrival the vents were closed and the plugs in, as a car should be which was closed for zero weather.

The plaintiff, knowing the value of a refrigerator car for shipping fruits at this season of the year, knowing that in such a car the contents would not freeze by a sudden change in the weather, and knowing the car would protect the shipment from freezing in zero weather for a considerably longer period of time than was necessary to make the run from Chicago to Bay City, did not use an ordinary box car, but had the fruit placed in a refrigerator car.

In the *Lardie Case, supra,* the plaintiff permitted the loading of the shipment in an ordinary box car, and on the shipping order and bill of lading was written "owner's risk freezing," and "box car loaded with perishable freight at shipper's request and shipper's risk." He did this because he could not get a refrigerator car, well knowing the possibility of a change in the weather freezing the shipment, and thereby took his chances. In that case and in those cited in the opinion it was held in effect that, although there was failure to deliver within a reasonable time, such failure to deliver was not the natural and proximate cause of the damages, but that it was the freezing which was an "element beyond the control of both parties, wholly unrelated to any act or omission of the carrier."

A similar state of facts existed in the *Randall Case* relied upon, and this court held that because a refrigerator car was unavailable and a box car accepted by the plaintiffs, who signed a release of defendant for freezing, that defendant could not be held for damage by frost, although plaintiffs alleged that the damage was caused by unusual delay in transportation and delivery, since the damage by frost was within the contemplation of the parties when the release was signed. This case was held to be ruled by the *Lardie Case.*

In the instant case the parties knew the danger of

freezing during transportation. The railroad company had refrigerator cars which would prevent freezing even at zero weather for a number of hours more than necessary to transport the shipment from Chicago to Bay City. The plaintiff hired this car, for which he probably paid more than he would have paid for an ordinary box car, and he knew when doing so that his shipment would not freeze if it reached its destination within the time reasonably and usually consumed in making the trip, and if delay on the road detained the goods from the plaintiff longer than was necessary, and that delay was because of the negligence of the defendant, may it not be said that the delay was the natural and proximate consequence and cause of the damage complained of?

"The right of the carrier to limit his liability has been restricted on the ground that he might otherwise place the shipper in the plight of either not being able to ship his goods or having to accept an unreasonable limitation of the carrier's liability for negligence. * * * They might have waited for a refrigerator car, but preferred to use a box car and excuse the carrier from liability for the danger to which the shipment would be subject under those conditions. They were not obliged to accept this car or none." *Lardie* v. *Railroad Co.*, 192 Mich. 81.

In the case at bar a *refrigerator car in which the shipment could not freeze for a number of hours was selected,* and had there been no delay en route the shipment might not have frozen.

The questions of negligence and proximate cause are for the jury. *Young & Co.* v. *Railway Co.*, 201 Mich. 39.

Judgment is reversed and a new trial granted, with costs to appellant.

STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred with SNOW, J.

Sharpe, J. (*concurring*).    I concur in reversal. The defense rests on the provision in the contract of carriage exempting it from liability "for any loss thereof or damage thereto or delay caused by the act of God."    The apples were shipped from Chicago to Bay City in the month of February.    Freezing weather may reasonably be expected along the line of such shipment at that season of the year, and is not an "act of God."

"Freezing weather coming at a season or a time when such weather may be expected is not an act of God."    10 C. J. p. 113.

"It seems that freezing weather, especially if coming in that season of the year when such weather may be expected, cannot be brought within the strict definitions above given of the act of God."    4 R. C. L. p. 714.

The rule thus stated is supported by the cases cited in the footnotes, and is, I think, of universal application.    In *Lardie* v. *Railroad Co.*, 192 Mich. 77, and *Randall* v. *Railway Co.*, 212 Mich. 259, the shipments were made in November and, by reason of ordinary box cars having been used, were forwarded under a special contract at the owner's risk as to freezing.

Bird, C. J., and Steere, Fellows, Clark, and McDonald, JJ., concurred with Sharpe, J.