MARY E. MORTIMER, Respondent, *v.* HENRY L. OTTO et al., Doing Business under the Firm Name of THE TROY VAN AND STORAGE COMPANY, Appellants.

Contract — proximate cause — agreement to store property in a designated building — destruction of such property by fire while stored in another building — when owners may recover, in action for breach of contract, for value of such property.

Where defendants agreed to store household goods in a designated building, but, in violation of that agreement, stored the articles in another building which, with the articles therein stored, was destroyed by a fire which did not reach the building where they agreed to store the goods, it is reversible error to dismiss an action for breach of contract and for the value of the goods upon the ground that the fire was the proximate cause of the loss and that the defendants were bailees and were not liable for the damages flowing from the loss of property, because it did not appear that the fire occurred through the lack of reasonable care on the part of the defendants. When the property was burned in the building in which the defendants placed it in violation of the agreement, the consequent loss and damage was that which the parties apprehended and sought to avoid, through the agreement, and the defendants must indemnify the plaintiff therefor.

*Mortimer* v. *Otto*, 142 App. Div. 184, affirmed.

(Argued May 17, 1912; decided June 29, 1912.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered January 9, 1911, reversing a judgment in favor of defendants entered upon a dismissal of the complaint by the ourt at a Trial Term and granting a new trial.

. The nature of the action and the facts, so far as material, are stated in the opinion.

*Charles I. Webster* for appellants.   No cause of action was proved, as an accidental fire and not the breach of contract was the proximate cause of the injury. (*McRae* v. *Hill*, 126 Ill. App. 349; *Fent* v. *T. P. & W.*

*R. W. Co.,* 59 Ill. 349; *R. L. Co.* v. *S. & P. Press Co.,* 135 N. Y. 209; *Passinger* v. *Thorburn,* 34 N. Y. 634; *Trapp* v. *McClellan,* 68 App. Div. 362; *Pollett* v. *Long,* 56 N. Y. 200; *M. & St. P. Ry. Co.* v. *Kellogg,* 94 U. S. 469; Whart. on Neg. § 134.)

*Ransom H. Gillet* for respondent. Where a warehouseman makes an express agreement to store goods in a certain building, the storage of those goods in some other building where they are lost or destroyed makes the warehouseman liable for the resulting loss. (*Froelich* v. *New York City,* 199 N. Y. 466; *Locke* v. *Wiley,* 81 Kans. 143; *McCurdy* v. *W. F. & C. Co.,* 94 Minn. 326; *Hudson* v. *Columbia Transfer Co.,* 137 Mich. 255; *Hatchett & Bros.* v. *Gibson,* 13 Ala. 587; *Butler* v. *Greene,* 49 Neb. 280; *Kennedy* v. *Portman,* 97 Mo. App. 253.)

COLLIN, J. The action is to recover from the defendants, who were warehousemen or storagehouse keepers, the damages sustained by the plaintiff through the destruction by fire of articles of household furniture stored by them for the plaintiff and her assignor. It was a provision of the agreement for storing that the defendants should place and keep the articles in a specified room in a designated building. They, violating that agreement, placed and stored the articles in a building other than that designated, which with the articles was, without proven negligence on the part of the defendants, destroyed by a fire which did not reach the designated building. The trial court dismissed the complaint upon the ground that the proximate cause of the loss was the fire, and the defendants were not liable in the absence of proof that it occurred through their negligence.

The action is for a breach of contract. In the complaint and upon the trial the plaintiff so denominated it. The defendants violated their agreement and, therefore, are liable, at least for nominal damages. The right of

the plaintiff to nominal damages would not, however, in and of itself justify the reversal of the judgment. If the refusal to award them did not influence the question of costs, or the judgment would not constitute an estoppel in respect to other interests, the judgment would not be reversed merely to vindicate a barren right. (*Thomson-Houston Electric Co.* v. *Durant Land Imp. Co.*, 144 N. Y. 34.) The defendants insist that the destruction of the articles and the consequent damages of plaintiff and her assignor were caused by the fire, and not by placing the articles in the building which was destroyed, and the fire was, therefore, the proximate cause of their destruction, and, further, that the defendants were bailees and were not liable for the damages flowing from the loss of the property because the fire did not occur through the lack of reasonable care on their part.

The defendants as bailees were obligated to exercise such care in regard to the property as a reasonably careful owner of similar goods would exercise. The statute which so enacts (General Business Law, section 107) is declaratory of the common law. They by their express agreement subjected themselves to the additional obligation that they would store the goods in a specified place. No degree of care or vigilance, short of complete performance, would relieve them of that obligation. (*Harmony* v. *Bingham*, 12 N. Y. 99.) They did not fulfill it and the plaintiff is entitled to recover those damages, certain in their nature and cause, which were fairly within the contemplation of the parties to the contract at the time it was made. (*Griffin* v. *Colver*, 16 N. Y. 489; *Witherbee* v. *Meyer*, 155 N. Y. 446.) In ascertaining the reasonable contemplation of the parties, the nature and purposes of the contract and the attending circumstances known to the parties should be considered, and those damages which are not foreign to a disclosed or apparent purpose, or which might reasonably have been apprehended from the violation, or the prevention or

avoidance of which was within the fair purview of the agreement are direct and should be awarded. It may justly be assumed that such damages were within the contemplation and purposes of the parties in entering into the agreement and, therefore, they are only a fair and adequate indemnity to the plaintiff for the loss and do not subject the defendants to a greater liability than they intended to assume when they made the agreement. To illustrate: A man who lawfully enters his neighbor's field, but, in violation of his agreement, leaves open the gate through which cattle enter and destroy the grain therein, is clearly liable to the owner of the field for the damages, because the consequences were reasonably to be expected by the parties when they made the agreement, a purpose of which was, under a fair assumption, to prevent them. A cause of damages which the parties seek to avoid by their contract cannot be said to be an independent or intervening cause although there is not between it and the damages the direct relation of cause and effect or a chain of causes producing ultimately the damages claimed.

The plaintiff and her assignor were depositing their property with the defendants and a regard for its safety and security while in the keeping of the defendants was obviously within their contemplation and, it may justly be assumed, known to the defendants. For the purpose of making effective that regard, they, with the permission and concurrence of the defendants, selected the precise place of storing. Fire is an ordinary and frequent agency of destruction or injury, and safety as against it was in the contemplation of the parties when they agreed that the property should be stored in the specified room. Had the property been there stored, the plaintiff and her assignor would have assumed all the risks of injury to it except those ordinarily imposed by law upon the defendants as bailees. When, however, the property was burned in the building in which the defendants in fact placed it,

the consequent loss and damage was that which the parties apprehended and sought to avoid through the agreement that the property should not be there, and the defendants must indemnify the plaintiff therefor. (*Milton* v. *Hudson River Steamboat Co.*, 37 N. Y. 210; *Lilley* v. *Doubleday*, L. R. [7 Q. B. Div.] 510.)

The order should be affirmed and judgment absolute ordered against appellant on the stipulation, with costs in all courts.

CULLEN, Ch. J., HAIGHT, WERNER, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Order affirmed, etc.