**SIDNEY BLUMENTHAL & CO., Inc., v. UNITED STATES.**

District Court, S. D. New York. October 3, 1927.

Shipping ☞142—Deviation abrogates contract of carriage, including provision limiting time for suit.

Deviation on a voyage abrogates the contract of carriage, including a provision therein limiting time for suit for loss or damage to cargo, and the shipper may maintain suit for conversion outside the contract.

In Admiralty. Suit by Sidney Blumenthal & Co., Inc., against the United States. Decree for libelant.

Bigham, Englar & Jones, of New York City (Henry N. Longley, of New York City, of counsel), for libelant.

A. M. Menkel, Sp. Asst. U. S. Atty., of New York City.

HUTCHESON, District Judge. From the pleadings, the evidence, and the stipulation of the parties, it appears plain that there was a deviation, and that respondent thereby became liable for the full value of the cargo, and must be adjudged to pay it, unless clause 8 of the bill of lading, providing that no suit shall be commenced after six months from the delivery of the goods to the consignee, or after nine months from the receipt by the carrier, operates to defeat the suit, it not having been brought within that period.

Libelant asserts that deviation abrogates the contract, and that none of its exceptive or restrictive provisions are applicable. Respondent, while admitting that this is the general rule, contends for a distinction between a limitation clause, such as the one invoked, and the general exceptive or restrictive clauses in the bill.

There is no basis in law for such a difference. Deviation is deviation, and its effect whenever it occurs, is the same; this effect is to abrogate the contract, and give the shipper an action for conversion. The Willdomino, 272 U. S. 718, 47 S. Ct. 261;[1] The Sarnia (C. C. A.) 278 F. 459; St. John's, N. F., Shipping Corp. v. S. A. Companhia Seral Commercial do Rio de Janeiro, 263 U. S. 119, 44 S. Ct. 30, 68 L. Ed. 201; United States Shipping Board Emergency Fleet Corporation v. Rosenberg Bros. & Co. (C. C. A.) 12 F.(2d) 721, 1926 A. M. C. 855; Niles-Bement Pond Co. v. Dampkiesaktieselskabet Balto (C. C. A.) 282 F. 235.

The argument of respondent here goes on the wrong foot. It seems to assume that the contract of shipment remains in force,

[1] 71 L. Ed. 491.

that the shipper's action is on that contract, and that the effect of the deviation is merely to operate on certain restrictive clauses which have been made the subject of decision. Such is not the law. After deviation, the shipper has the option to hold to the contract, or to regard it as abrogated thereby. In the latter event, he sues, not on, but despite of, the contract, and recovers, not on the contract, but in tort.

Let a decree go for libelant, with the usual reference to a commissioner.