FOX *v.* JOHN F. IVORY STORAGE CO., INC.

1. WAREHOUSEMEN—EVIDENCE—FRAUD—INDUCING   EXECUTION   OF
   CONTRACT.

   Testimony that warehouseman fraudulently represented to owner
   of goods that warehouse was of fireproof construction was
   not admissible for purpose of varying, adding to, or contra-
   dicting contract for storage of goods, but it was admissible
   to show that owner was thereby fraudulently induced to enter
   into said contract, under which warehouseman was not liable
   for loss or damage by fire.

2. SAME—APPEAL AND ERROR.

   That trial court treated defendant's fraudulent representation,
   inducing execution of contract, as part of agreement, *held,*
   immaterial, where jury found that representation had been
   made as declaration alleged, and thus determined defendant's
   liability.

3. SAME—NOTATION ON RECEIPT—EVIDENCE—DAMAGES.

   In action against warehouseman for loss of goods destroyed by
   fire, receipt containing itemized list of goods, and also contain-
   ing notation of their condition as to being marred, chipped,
   scratched, or stained, acquiesced in by plaintiff, was conclusive
   only of fact that some articles were marred, etc., and did not
   bar plaintiff from showing their general condition.

4. SAME—DAMAGES—EVIDENCE—INSTRUCTIONS.

   In action against warehouseman for loss of goods destroyed by
   fire, admission of evidence of purchase price to show value
   was not error, where court instructed jury that, as to some
   articles there had been no testimony except as to purchase
   price, and that, unless there was some other proof as to value,
   in addition to purchase price, they might not find value of
   article.

Appeal from Wayne; Toms (Robert M.), J.  Sub-
mitted October 18, 1932.  (Docket No. 116, Calendar
No. 36,807.)  Decided January 3, 1933.  Rehearing
denied March 2, 1933.

Action by Joseph Fox against John F. Ivory Storage Company, Inc., a Michigan corporation, for fraudulent representations made to induce execution of contract relating to storage of household goods. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Berger & Berger,* for plaintiff.

*Pear & Beattie (Donald K. Tyler,* of counsel), for defendant.

McDonald, C. J. This suit was brought to recover damages for loss by fire of household goods which the plaintiff had stored in the defendant's warehouse.

The declaration contains three counts. The first alleges a breach of contract for failure to store the goods in a warehouse of fireproof construction. The second count alleges that the defendant falsely represented the warehouse to be of fireproof construction, and in reliance on that representation, which the plaintiff believed to be true, he entered into the contract of storage. The third count alleges failure to keep the goods in a safe place and to return them to the plaintiff when requested.

The defendant denied liability on the ground that the rights and obligations of the parties were fixed by the warehouse receipt, which was a complete contract for storage and which stipulated that there would be no liability for loss or damage by fire. It also denied any representation or promise other than what appeared in the written contract.

On the trial the usual motions were made in their order for a directed verdict and for judgment notwithstanding the verdict. Both motions were de-

nied. The verdict was for the plaintiff, on which judgment was entered.

The defendant has appealed.

The principal issue related to the alleged representation that the warehouse was of fireproof construction, which the court and counsel treated as a preliminary oral agreement. It was the defendant's contention that testimony of the so-called oral agreement was inadmissible because it added to and varied the written contract. The trial court held that it was not inconsistent with the terms of the written instrument, and for that reason overruled the contention. On such ruling the defendant has assigned error.

The warehouse receipt is a complete contract. It states all of the terms of the bailment. We agree with the defendant that oral testimony tending to vary, add to, or contradict it was inadmissible. But the testimony complained of was not offered for that purpose, and did not have that effect. It was offered to show that plaintiff was induced to enter into the written contract because of the defendant's fraud in falsely representing that the warehouse was of fireproof construction. Believing that it was fireproof, he was willing to consent to all of the terms of the written contract and to take the risk of loss by fire. In the second count of his declaration he alleges the representation and charges:

"That although said representations and promise were false and untrue, plaintiff relied thereon and entered into a contract, and at all times believing that the said defendant's warehouse was of a fireproof construction."

On this theory, the testimony was admissible. The court submitted it to the jury as the only ground on which the defendant could be held liable. That he

treated it as a part of the agreement between the parties is of no material consequence. The important fact is that the jury found the representation had been made as the plaintiff in his declaration had alleged, and thus determined the defendant's liability.

On the question of value, error is assigned on the ruling of the court in admitting testimony as to the purchase price of the goods and their condition when stored.

The warehouse receipt contained an itemized list of the goods, on which the defendant noted their condition as to being marred, chipped, scratched, or stained. Evidence of value was from witnesses engaged in the business of buying and selling second-hand furniture. They could not examine goods that had been consumed by fire. It was necessary that they should know their condition in order to form an opinion as to value. It was necessary that they should know to what extent they were marred, chipped, or scratched. The notation on the warehouse receipt, acquiesced in by the plaintiff, was conclusive only of the fact that some articles were marred, etc., but did not bar the plaintiff from showing their general condition.

As to evidence of the purchase price to show value, the court instructed the jury:

"I charge you that in the case of a number of these articles there has been no testimony, except as to their purchase price, and that alone is not sufficient for you to determine the value at the time of the destruction of the articles there. Therefore, unless, in addition to the purchase price, there is some other proof as to value, when these goods were destroyed, you may not find what the value of that article is; in other words, that leaves you in a situa-

tion where there is no competent and convincing proof of the value of the article."

We find no error in the admission of evidence as to value.

We have considered all other assignments urged as cause for appeal, but are not convinced that they have sufficient merit to require discussion.

The judgment is affirmed, with costs to the plaintiff.

CLARK, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.