ROSENBLATT v. JOHN F. IVORY STORAGE CO., INC.

1. Fraud—Warehousemen—Pleading—Proof—Question for Jury.
   Where, in action to recover damages for loss by fire of household goods stored in defendant's warehouse, averments in declaration that defendant falsely represented warehouse to be fireproof and that in reliance thereon plaintiffs entered into contract of storage were supported by evidence, question of fraud was issue of fact for jury.

2. Evidence—Oral Testimony—Fraud—Varying Terms of Written Contract—Warehousemen.
   Although oral testimony was not admissible to vary terms of written contract, complete in itself, for storage of goods in warehouse, oral testimony was admissible to show that execution of said contract was induced by false representations that said warehouse was fireproof.

3. Fraud—Right of Action—Insurance—Warehousemen—Parties.
   In action for fraud in falsely representing that defendant's warehouse was fireproof, whereby plaintiffs were induced to store goods therein which were destroyed by fire, whether plaintiffs had fire insurance on said goods is of no importance, since right of action for said loss would nevertheless be in plaintiffs or their assignees.

4. Same—Proximate Cause.
   Where owners were induced by warehouseman to enter into contract for storage of goods on false representations that warehouse was fireproof, safety as against fire was in contemplation of parties, and therefore said fraud may be said to be proximate cause of loss by fire.

Appeal from Wayne; Richter (Theodore J.), J. Submitted January 11, 1933. (Docket No. 103, Calendar No. 37,002.) Decided April 4, 1933.

Action by David Rosenblatt and another against John F. Ivory Storage Company, Inc., a Michigan

corporation, for fraudulent representations made to induce execution of contract relating to storage of household goods. Judgment *non obstante veredicto* for defendant. Plaintiffs appeal. Reversed, and judgment ordered on verdict.

*Francis Fitzgerald* and *S. Reymont Paul,* for plaintiffs.

*Pear & Beattie (Donald K. Tyler,* of counsel), for defendant.

CLARK, J. This suit is brought to recover damages for loss by fire of household goods which plaintiffs had stored in defendant's warehouse.

A count of the declaration is in fraud, that defendant falsely represented the warehouse to be fireproof, and in reliance thereon plaintiffs entered into a contract of storage. The averments were supported by testi. iony.

The defense is a denial of such representation, and that obligations and rights were fixed by the warehouse receipt, the contract, which recited that there would be no liability for loss or damage by fire. The plaintiffs were advised by postcard that defendant did not insure goods in storage, and to procure insurance. The warehouse was not fireproof.

Plaintiffs had verdict, and on decision of a reserved motion to direct, judgment was ordered and entered for defendant. Plaintiffs' appeal challenges such order. Clearly the question of fraud was an issue of fact for the jury, and there is no evidence sufficient to raise question of waiver of the fraud. If it be conceded that the written contract was complete, and that oral testimony was not admissible to vary it, we have not touched the issue here, which is, that plaintiffs were induced to enter into the

contract by defendant's fraud, on which issue plain-
tiffs' evidence of false representation was admis-
sible.  Of such evidence it was said in a like case,
*Fox* v. *John F. Ivory Storage Co., Inc.,* 261 Mich.
358:

"It was offered to show that plaintiff was induced
to enter into the written contract because of the
defendant's fraud in falsely representing that the
warehouse was of fireproof construction.  Believing
that it was fireproof, he was willing to consent to
all of the terms of the written contract and to take
the risk of loss by fire."

Whether plaintiffs had fire insurance or not is of
no importance here.  Liability of defendant would
not have been affected if plaintiffs had insured the
property.  Right of action for the loss would never-
theless be in plaintiffs or their assignees.  As was
said in the *Fox Case,* plaintiffs, relying on the repre-
sentation, might take the risk of loss by fire.  17 C. J.
p. 929.

The fraud, it is urged, was not the proximate cause
of the loss, rather the fire, which was not occasioned
by any fault of defendant, citing *McLane, Swift &
Co.* v. *Botsford Elevator Co.,* 136 Mich. 664.  In that
case, oats were shipped by plaintiff to defendant to
be clipped at its elevator and reshipped on the orig-
inal bills of lading.  While the oats were in defend-
ant's elevator they were accidentally destroyed by
fire.  Assuming delay in reshipping, it was held that
fire was the remote, not the proximate, cause of the
loss.

But the case at bar has an important and distin-
guishing element—the loss grew out of the very
subject-matter of the fraud, the misrepresentation
that the building was fireproof.  It was recognized
by the parties that fire is an ordinary and frequent

agency of destruction, and safety as against it was within the contemplation of the parties. Because of this element, we think the cited case not controlling. Two cases illustrate the point:

In *Mortimer* v. *Otto,* 206 N. Y. 89 (99 N. E. 189, Ann. Cas. 1914A, 1121), defendants agreed to store household goods in a designated building, but in violation of that agreement stored the articles in another building which, with the articles, was destroyed by fire. In a holding favoring plaintiffs it was said:

"The plaintiff and her assignor were depositing their property with the defendants and a regard for its safety and security while in the keeping of the defendants was obviously within their contemplation and, it may justly be assumed, known to the defendants. For the purpose of making effective that regard, they, with the permission and concurrence of the defendants, selected the precise place of storing. Fire is an ordinary and frequent agency of destruction or injury, and safety as against it was in the contemplation of the parties when they agreed that the property should be stored in the specified room. Had the property been there stored, the plaintiff and her assignor would have assumed all the risks of injury to it except those ordinarily imposed by law upon the defendants as bailees. When, however, the property was burned in the building in which the defendants in fact placed it, the consequent loss and damage was that which the parties apprehended and sought to avoid through the agreement that the property should not be there, and the defendants must indemnify the plaintiff therefor."

In *The Normannia,* 62 Fed. 469, a passenger had purchased passage on defendant's ship, but had determined to forfeit it on subsequent outbreak of cholera, and was induced to take the passage on

false representation of defendant's agents that no steerage passengers would be carried. It was held he could recover damages resulting from the ship being in quarantine at destination because of cholera on board, and the court said:

"I do not think the mere circumstance that he would 'not have been on board' but for the false representations, would be sufficient to make the defendant liable for whatsoever might happen to the libelant's injury while on the ship on which the representations had induced him to embark, if the injury was not proximately related to, and did not naturally grow out of, the subject-matter of the misrepresentations. Had the libelant, in this instance, suffered no detention through cholera, or quarantine, but had been injured through a collision with another ship, or by some accident on the Normannia itself, in no way connected with the presence of steerage passengers, it surely would not have been claimed that the defendant, if not otherwise in fault, would have been responsible to the libelant for such damages, merely because steerage passengers were on board, and because the libelant would not have embarked on the Normannia had he known of their presence; since neither the cause of the injury nor the damage would, in the case supposed, have had any connection with the presence or the absence of steerage passengers."

The damages occasioned by the fire are proximately connected with and flowing from the fraud, were within the contemplation of the parties and a natural consequence of the wrongful act.

Reversed, with costs, and remanded for judgment on verdict.

McDONALD, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.