Per Curiam.

Summary judgment in favor of the defendant dismissing the
complaint should not have been granted. There are triable issues of fact (1) as to the coverage under the policy (Bryce v. Lorillard Fire Ins. Co., 55 N. Y. 240; Hardin Bag Co. v. Milwaukee Mechanics’ Ins. Co., 160 La. 439; Rosenherg v. General Accident Fire & Life Assur. Co., 246 S. W. 1009 [Mo.]; Boynton v. Clinton & Essex Mutual Ins. Co., 16 Barb. 254; Sanders v. Cooper, 115 N. Y. 279); (2) as to the admission of coverage and liability under the policy in the light of the loan receipt and the papers executed in connection therewith (Luckenbach v. McCahan Sugar Co., 240 U. S. 139; Banca C. I. Trust Co. v. Clarkson, 274 N. Y. 69; Sosnow, Kranz & Simcoe, Inc., v. Storatti Corp., 269 App. Div. 122, affid. 295 N. Y. 675); (3) as to the breach of the contract of bailment and its effect in removing the limitation of the bailee’s liability and subjecting it to full liability as an insurer of the merchandise stored with it (Mortimer v. Otto, 206 N. Y. 89; Blumenthal & Co. v. United States, 21 F. 2d 798; St. Johns Corp. v. Companhia Geral Com., 263 U. S. 119).
The order and the judgment should be reversed, with costs to the appellant, and the motion denied.