Per Curiam.

The mere fact that plaintiff had her own insurance and for that reason a minimum value was stated in the storage receipt is not dispositive of the issue as to whether the furrier could claim the benefit of the limited liability if the resultant loss was due to negligence on his part. The question still remained as to whether the limitation clause specifically included such cause in clear and readily understandable language and bold print or was otherwise brought to plaintiff’s attention. Since the clause in this receipt appears in fine print in the midst of much verbiage and involved legal phraseology, the furrier had the burden of proving that plaintiff received actual notice of such limitation provision or was aware of it. The evidence here adduced does not adequately support such a finding and in that respect the verdict would appear to be against the weight of the evidence.
A new trial is in any event required by reason of the dismissal of the third cause of action for conversion. Issues of fact were raised on defendant’s own proof which, had this cause been submitted to the jury, might have been found to be such a deviation from the storage contract as would constitute a wrongful detention of the coat or a conversion thereof, thus abrogating the limitation of furrier’s liability and subjecting it to full liability (Drucker v. Tompkins Tidewater Term., 272 App. Div. 1041, citing: Mortimer v. Otto, 206 N. Y. 89; Blumenthal & Co. v. United States, 21 F. 2d 798; St. Johns Corp. v. Companhia Geral, 263 U. S. 119). The issue was for the jury to determine whether, during the period of 18 days which elapsed between date of receipt and date of robbery, there was merely a temporary and not wholly unjustified failure to place the coat in the storage *397 vault as agreed or such unreasonable deviation as to be equivalent to a wrongful detention thereof. If the failure to place the coat in the vault were found to be either justified under the circumstances or caused by simple neglect operating during a short interval, the limited liability clause would apply if, of course, the jury also found that its terms had been brought home to plaintiff at time of the limited valuation specified. But if the jury found unreasonable failure to store the coat in the vault, with consequent exposure to greater risk, which was borne out by the fact that only those coats which remained on the racks were taken in the robbery, then its verdict was required to be for full value.
The judgment should be reversed and new trial ordered, with costs to appellant to abide the event.
Hofstadter, Eder and Tilzer, JJ., concur.
.Judgment reversed, etc.