Gaddist v Pressed Cleaners (2025 NY Slip Op 50192(U))

[*1]

Gaddist v Pressed Cleaners

2025 NY Slip Op 50192(U)

Decided on February 13, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 13, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., GRETCHEN WALSH, JOSEPH R. CONWAY, JJ

2024-397 N C

Shamar L. Gaddist, Respondent,
against
Pressed Cleaners, Appellant. 

Pressed Cleaners, appellant pro se.
Shamar L. Gaddist, respondent pro se (no brief filed).

Appeal from a judgment of the District Court of Nassau County, Second District (Veronica Renta Irwin, J.), entered April 9, 2024. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $1,000.

ORDERED that the judgment is reversed, without costs, and the matter is remitted to the District Court for a new trial limited to the issue of damages.
Plaintiff commenced this small claims action to recover the principal sum of $1,000 for the loss of a coat that he had brought to defendant for dry cleaning. At a nonjury trial, plaintiff testified regarding the coat's brand, size, color, original cost, and year of purchase. Defendant's manager conceded defendant's liability for the loss of the coat but testified that a limitation of liability provision contained on the reverse side of the dry cleaning ticket issued by defendant to plaintiff, and posted in defendant's store, capped defendant's liability at $49.90, equal to 10 times defendant's charge for processing the coat. Following the trial, the District Court (Veronica Renta Irwin, J.) entered judgment in favor of plaintiff in the principal sum of $1,000.
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive [*2]law" (UDCA 1807; see UDCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]).
Initially, we find that the limitation of liability provision contained on the reverse side of the dry cleaning ticket is not enforceable on this record, as defendant did not establish that plaintiff was aware of the provision's terms and assented to them (see 9 NY Jur 2d, Bailments and Chattel Leases § 36; Klar v H. & M. Parcel Room, Inc., 270 App Div 538, 543 [1946], affd 296 NY 1044 [1947]; Ginsberg v Spring Dry Cleaners, Inc., 2002 NY Slip Op 50084[U], *1 [App Term, 1st Dept 2002]; Rappaport v Storfer Bros., 2 Misc 2d 395, 396 [App Term, 1st Dept 1956]; see also Brooks v Angelo's Cleaners, 103 AD2d 923, 923 [1984]; cf. Strassberg v Madame Paulette Dry Cleaners, 8 Misc 3d 136[A], 2005 NY Slip Op 51226[U], *1 [App Term, 1st Dept 2005]), or that the sign in its store setting forth the limitation of liability provision was posted in a conspicuous manner (see Klar v H. & M. Parcel Room, Inc., 270 App Div at 542; Schiavone v ARB Enters., Inc., 48 Misc 3d 141[A], 2015 NY Slip Op 51248[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2015]).
"Even in a small claims action, proof of damages is an essential element of a prima facie case" (Garcia v Cater, 66 Misc 3d 151[A], 2020 NY Slip Op 50310[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2020]; see Schussheim v Snitkoff, 55 Misc 3d 150[A], 2017 NY Slip Op 50732[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]). Plaintiff was "require[d] to provide objective information about the value of h[is] property at the time it was [lost], such as information about its size, style, brand, age or condition, from which its reasonable worth at the time of the [loss] could be ascertained" (Dixon v Pub. Stor., 65 Misc 3d 131[A], 2019 NY Slip Op 51577[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019] [citation omitted]; see Collens v Sayegh, 64 Misc 3d 145[A], 2019 NY Slip Op 51301[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2019]; Kodak v American Airlines, 9 Misc 3d 107, 110 [App Term, 2d Dept, 9th & 10th Jud Dists 2005]; see also Rowe v Silver & Gold Expressions, 107 AD3d 1090, 1091 [2013]). "In the case of personal property such as wearing apparel, the owner of such property, who is familiar with its quality and condition, may testify as to its value" (Korn v American Airlines, Inc., 11 Misc 3d 87, 88-89 [App Term, 2d Dept, 9th & 10th Jud Dists 2006]; see Fassett v Fassett, 101 AD2d 604, 605 [1984]; 36 NY Jur 2d, Damages §§ 82, 87).
Here, plaintiff failed to establish his damages, as there was insufficient testimony regarding the style of the coat and its condition at the time of the loss (see Garcia v Cater, 2020 NY Slip Op 50310[U]; Dixon v Pub. Stor., 2019 NY Slip Op 51577[U]; Rose v Lagadakia Realty Corp., 31 Misc 3d 140[A], 2011 NY Slip Op 50785[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]). Consequently, we find that the judgment in favor of plaintiff in the principal sum of $1,000 failed to provide the parties with substantial justice according to the rules and principles of substantive law (see UDCA 1804, 1807). However, because the District Court's statements at trial may have misled plaintiff about his burden to establish his damages, we find that substantial justice requires a new trial limited to the issue of damages, including the enforceability of the limitation of liability provision (see Harvey v Proto Prop. Servs., 63 Misc 3d 165[A], 2019 NY Slip Op 50946[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2019]; [*3]Kemp v Mid-Town Movers, 2003 NY Slip Op 51154[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2003]).
Accordingly, the judgment is reversed and the matter is remitted to the District Court for a new trial limited to the issue of damages.
GARGUILO, P.J., WALSH and CONWAY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 13, 2025